UNITED STATES of America, Plaintiff-Appellee,

v.

Alfred Edward SAILER, Defendant-Appellant.

No. 14932.

United States Court of Appeals Sixth Circuit.

Oct. 31, 1962.

Pierce E. Cunningham, Hamilton, Ohio (Fiehrer, Fiehrer & Cunningham, Hamilton, Ohio, on the brief), for appellant.

Robert A. Bell, Asst. U. S. Atty., Columbus, Ohio (Joseph P. Kinneary, U. S. Atty., Columbus, Ohio, on the brief), for appellee.

Before MILLER, Circuit Judge, and BOYD and McNAMEE, District Judges.

PER CURIAM.

Appellant upon trial by jury was found guilty of transporting a stolen vehicle in interstate commerce in violation of Title 18 U.S.C. § 2312. He was arrested and taken into custody by deputies of the Sheriff's Office of Monroe County, Ohio, at 11:13 P.M., July 12, 1961, on complaint that he was acting suspiciously at the home of one Mrs. Ady. At the time of arrest appellant was unable to produce identification or driver's license and could not explain his possession of a Ford automobile bearing Connecticut license plates. No state charge was placed against appellant at the time of his incarceration; however, it does appear that on the following day, July 13, he was charged with passing worthless checks. The Sheriff's Office made inquiries of authorities of other states regarding the automobile. Some twenty-six hours following appellant's arrest, the Federal Bureau of In-

vestigation at Steubenville, Ohio, was advised of his detention. Federal agents went to the Monroe County Jail and in the presence of a deputy sheriff conducted a two-hour interrogation of the appellant, who admitted to them the theft of the automobile and its transportation from Pennsylvania to Ohio. Approximately thirty days following this interview by the federal agents aforesaid, the appellant was released by the local authorities to the federal authorities under a warrant and by them taken promptly before a United States Commissioner for arraignment without further interrogation. The statements made to the federal agents at the time of their interrogation were used on the trial by the Government. The appellant complains here that his conviction was thus based on incompetent evidence, and to reverse the District Court, invokes the rule enunciated by the Supreme Court in McNabb v. United States, 318 U.S. 332, 63 S.Ct. 608, 87 L. Ed. 819.

■ The McNabb rule prohibits the use in a criminal trial of confessions obtained during illegal detention of a defendant, whether or not the confession is the result of torture, physical or mental. The illegal aspect of the detention must be the failure to bring the charged person before a committing magistrate without unnecessary delay. Rule 5(a) Federal Rules of Criminal Procedure. See Upshaw v. United States, 335 U.S. 410, 69 S.Ct. 170, 93 L.Ed. 100. Not only must the legality of the detention be challenged under Rule 5(a) for McNabb to apply, but it must also appear that the detention was "by or at the instance of federal officers." White v. United States, 5 Cir., 200 F.2d 509, cert. denied, 345 U.S. 999, 73 S.Ct. 1142, 97 L.Ed. 1405. See discussion in Stephenson v. United States, 257 F.2d 175 (C.A. 6).

■ The appellant urges on this appeal that the court consider the entire period of his detention as being at the instance of federal officers. His specific contention is that under the evidence there was a "working arrangement" between local and federal authorities whereby persons are held for federal authority by local officials in circumvention of the McNabb rule. The case of Anderson v. United States, 318 U.S. 350, 63 S.Ct. 599, 87 L.Ed. 829 placed "working arrangements" within the prohibition of the McNabb rule. The Anderson case dealt with positive activity of federal agents prior to arrest by federal authorities. The federal officers there collaborated with local authorities in interrogating the defendants over a period of some six days before taking them into federal custody. In the instant case there was a two-hour interview by federal agents on one occasion only and this following initial notification by the Sheriff's Office. The appellant relies chiefly on United States v. Tupper, D.C., 168 F.Supp. 907, which extends the "working arrangement doctrine." In that case the federal officers were not as active as in Anderson but by implication in conversations proved by the defendant encouraged detention by local authorities. Further, and importantly, the District Judge in the Tupper case found it to be a rather notorious local practice for the state authorities to hold persons for federal authority without placing charges against them. The fact situations in Anderson and Tupper are clearly distinguishable from the instant case. It is significant here that a state charge was placed against the defendant herein by the Sheriff's Office following his arrest and there were none of the implications found present in Tupper, supra. No "working arrangement" on this occasion or customary practice concerning same is shown. It results that appellant has not sustained his burden of proving a violation of Rule 5(a), Federal Rules of Criminal Procedure. United States v. Leviton, 193 F.2d 848, 854, C.A. 2, cert. denied 343 U.S. 946, 72 S. Ct. 860, 96 L.Ed. 1350.

■ As additional reason for denying appellant relief on this appeal it may be noted the record does not reflect timely objection in the trial court to the evidence here challenged. Metcalf v. United States, 195 F.2d 213, C.A. 6.

Other questions advanced on this appeal are either not reached in view of the above or are considered to be without merit. There being no reversible error, the District Court is affirmed.