## PEOPLE *v.* WASHINGTON.

1. CRIMINAL LAW—CONFESSION—VOLUNTARINESS—APPEAL AND ERROR.

    Defendant's contention that he was denied due process of law in prosecution for robbery armed when the trial court admitted into evidence an alleged confession without first having determined the voluntariness of it, *held,* without merit, where only the accuracy of the confession was in issue, no question having been raised about the voluntariness of the confession at the trial (CLS 1961, § 750.529).

2. SAME—CONFESSIONS—VOLUNTARINESS—APPEAL AND ERROR.

    The question of the voluntariness of a confession in a criminal prosecution cannot be first raised on appeal so long as the defendant persists in denial that the confession was made.

3. SAME — CONFESSIONS — CONFLICTING TESTIMONY — INSTRUCTIONS — REQUESTS TO CHARGE.

    No error was committed by trial court in failing to give instructions, *sua sponte,* relative to confessions as to participant in crime of robbery armed, where the testimony as to the accuracy of the confession was in conflict but no request to charge was made (CLS 1961, § 750.529).

4. SAME—SUPPLEMENTARY INSTRUCTION—ROBBERY ARMED.

    Supplementary instruction given to jury at its request in prosecution for robbery armed alleged to put undue emphasis on the people's claims *held,* adequate and correct (CLS 1961, § 750-.529).

REFERENCES FOR POINTS IN HEADNOTES

[1, 2] 5 Am Jur 2d, Appeal and Error § 545.
[3] 53 Am Jur, Trial §§ 511, 513, 514.
[4] 53 Am Jur, Trial §§ 539, 540, 566, 639.
[5] 20 Am Jur, Evidence §§ 1216, 1256.
[6] 20 Am Jur, Evidence §§ 1216, 1256.
  46 Am Jur, Robbery § 50.

5. Same—Sufficiency of Evidence—Guilt Beyond a Reasonable Doubt.

> The test of sufficiency of evidence to justify conviction in a criminal case is not whether the finding is contrary to the great weight of the evidence, but rather, whether it is ample to warrant a finding of guilt beyond a reasonable doubt.

6. Robbery—Testimony of Victim.

> Robbery armed victim's testimony *held*, sufficient to support jury's verdict of guilty beyond a reasonable doubt (CLS 1961, § 750-.529).

Appeal from Recorder's Court of Detroit; Groat (Gerald W.), J. Submitted Division 1 March 10, 1966, at Detroit. (Docket No. 85.) Decided October 11, 1966. Rehearing denied November 11, 1966. Leave to appeal denied by Supreme Court October 12, 1967. See 379 Mich 783.

Harry Washington, Jr., was convicted of robbery armed. Defendant appeals. Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *Samuel H. Olsen,* Prosecuting Attorney, *Samuel J. Torina,* Chief Appellate Lawyer, and *Rheo C. Marchand,* Assistant Prosecuting Attorney, for the people.

*Fred G. Burton,* for the defendant.

T. G. Kavanagh, J. Although the late Judge Watts heard oral arguments on the above matter, he took no part in the decision in this case.

The defendant was found guilty of robbery armed* by a jury in the recorder's court for the city of Detroit on May 21, 1964.

Defendant's appeal contends that he was denied due process of law when the trial court admitted into evidence an alleged confession without first having determined the voluntariness of it. Defend-

---

* CLS 1961, § 750.529 (Stat Ann 1965 Cum Supp § 28.797).

ant further claims error on (1) the court's failure to instruct the jury on the law applicable to confessions; (2) on the undue emphasis given by the court to the people's claim in a supplemental charge to the jury; and (3) that the verdict was contrary to the great weight of the evidence.

A gasoline station attendant called by the people testified that on January 17, 1964, the defendant entered the station and after a brief conversation announced "This is a robbery." At the time the defendant had his hand in a paper bag and pointed it at the attendant. The attendant thereupon gave him $550 and the defendant went out the door and ran away. He further testified he believed the defendant had a gun in the bag.

Another attendant on duty at the time testified he saw the defendant in the station with the bag in his hand but that he did not see the robbery take place.

A detective testified he arrested the defendant on January 20, 1964, and that in response to his questions, the defendant stated he had walked into the station with his hand in a paper bag and had taken the money from the attendant. No objection by defense counsel was made to this testimony.

The defendant testified and denied any knowledge of the robbery and, although he admitted making part of the statement attributed to him by the detective, he denied that part which tended to incriminate him.

Thus at the trial no question was raised about the voluntariness of the statement or confession. Only the accuracy of the purported statement was in issue. Whether the jury believed the detective or the defendant on *this* issue we do not know. But the question of the *voluntariness* of this statement cannot be laid before us so long as the defendant persists in his denial that the statement was made.

We see no merit in the appellant's first contention. Likewise we see no merit in the claim that the court should have instructed the jury on the law applicable to confessions. No request for this instruction was made and absent such request, no error may be assigned for failure to give it. See *People* v. *Thomas* (1952), 333 Mich 496, and cases cited therein.

Our reading of the supplementary instruction requested by the jury fails to disclose any improper emphasis. The instruction appears adequate and correct. We find no error. See *People* v. *Hoffman* (1905), 142 Mich 531.

The last assignment of error reiterates an incorrect standard of proof, asserting the verdict is against the great weight of evidence. The correct standard in a criminal appeal is evidence sufficient to convince beyond a reasonable doubt. *People* v. *Williams* (1962), 368 Mich 494.

The gasoline station attendant's testimony here seems wholly adequate (if believed) to support the jury's verdict of guilty beyond a reasonable doubt.

Affirmed.

LESINSKI, C. J., concurred.