**UNITED STATES of America, Plaintiff-Appellee,**

v.

**Walter Franklin FRAZIER, Defendant-Appellant.**

**No. 17530.**

United States Court of Appeals Sixth Circuit.

Nov. 22, 1967.

---

R. Barry Wehrman, Covington, Ky., for appellant.

Moss Noble, Asst. U. S. Atty., Lexington, Ky., George I. Cline, U. S. Atty., Lexington Ky., on brief, for appellee.

Before PHILLIPS, CELEBREZZE, and McCREE, Circuit Judges.

McCREE, Circuit Judge.

Appellant was convicted on one count of a three-count indictment charging him with uttering and publishing counterfeit currency in violation of 18 U.S.C. § 472.

Appellant and a companion visited several bars in Newport, Kentucky during the early morning of March 3, 1964. The $20 bill with which they paid their check at the Joker Bar aroused the suspicion of the bartender, who contacted the Newport police. Shortly after leaving the Joker Bar, appellant and his companion

were arrested by the Newport police and were charged with vagrancy and breach of the peace.

While being held at the Newport City Jail, appellant was questioned by an agent of the United States Secret Service, who had been informed by a Newport police captain that appellant "had been arrested for passing of counterfeit notes in three bars in Newport, Kentucky." Two periods of interrogation took place, one at approximately 7:30 a. m. and one approximately an hour later. On the second occasion, according to the Secret Service agent, appellant confessed that he had passed counterfeit money. Appellant, testifying at his trial, denied making any confession.[1]

Appellant was brought before a United States Commissioner at approximately 11:00 a. m. on March 3. On that date, he also appeared before the Newport Police Court for trial on the charges of vagrancy and breach of the peace. (The record does not specify whether this appearance preceded or followed the appearance before the United States Commissioner.) The state trial was continued until March 9, at which time appellant was placed in the custody of the United States.

This appeal is based on three grounds: (1) no determination was made by the trial judge concerning the voluntariness of appellant's confession, (2) the jury was not instructed to make a determination concerning the voluntariness of the confession, and (3) appellant was illegally arrested and detained by the Newport Police.

Prior to appellant's trial, his attorney (not his present counsel) moved that the purported confession be suppressed "because of unreasonable, illegal detention". It is apparent from the record that the objection was based on the length of the detention by the Newport police. Appellant now contends that the trial judge should have determined the voluntariness of the confession, even in the absence of an objection by counsel based on involuntariness. Nothing in the record leads us to assume that trial counsel's limited objection was not based on a reasonable assessment of the situation. Under the circumstances, there was no reason for the trial judge, *sua sponte,* to make further inquiry into the background of the confession.

Appellant further contends that the jury should have been given an instruction not to consider the confession if it was found to have been involuntary. Since this instruction was not requested and no objection was made to its omission from the trial judge's charge, the failure to have given it cannot be assigned as error. Rule 30, F.R.Crim.P. Moreover, as no evidence of involuntariness was adduced at the trial, there was no basis for giving the instruction. D'Aquino v. United States, 192 F.2d 338 (9th Cir. 1951), cert. denied, 343 U.S. 935, 72 S.Ct. 772, 96 L.Ed. 1343 (1952).

Appellant's final contention is that he had been subjected to an illegal arrest and detention by the Newport police. As previously stated, appellant's trial counsel based his motion to suppress the confession on the ground that appellant's detention had been of unreasonable duration. Appellant now appears to advance the further contention that the arrest for vagrancy and breach of the peace was a sham, and that probable cause did not exist to arrest him for passing counterfeit currency.

With regard to the duration of the detention, the crucial time period is that interval between the time of appre-

---

1. The Secret Service agent testified that he had informed appellant that he had a right to remain silent, that any statement could be used against him, and that he could consult with an attorney. Appellant, in addition to denying the making of a confession, also denies that this advice was given. Since the trial in this case took place prior to the decision of the Supreme Court in Miranda v. State of Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966), the failure to give the warnings would not be grounds for reversal. Johnson v. State of New Jersey, 384 U.S. 719, 86 S.Ct. 1772, 16 L. Ed. 2d 882 (1966).

hension and the time of confession. United States v. Mitchell, 322 U.S. 65, 64 S.Ct. 896, 88 L.Ed. 1140 (1944). We cannot say, in the absence of proof of the availability of a commissioner, that the detention of appellant between the hours of approximately 3:00 a. m. and 8:30 a. m. was unreasonable. See United States v. Collins, 349 F.2d 296 (6th Cir. 1965). In any event, the detention by the Newport police, even if unreasonable in length, could only affect the admissibility of the confession if a "working arrangement" existed between the Newport police and the United States government. Anderson v. United States, 318 U.S. 350, 63 S.Ct. 599, 87 L.Ed. 829 (1943). The record in this case does not indicate the existence of such an arrangement,[2] and the detention by the state law enforcement officials therefore does not render inadmissible the confession obtained by the Secret Service agent. See United States v. Sailer, 309 F.2d 541 (6th Cir. 1962), cert. denied, 374 U.S. 835, 83 S.Ct. 1884, 10 L.Ed.2d 1057 (1963).

■ Appellant's failure to raise the issue of illegal arrest (as contrasted with illegal length of detention) when moving for suppression of the confession precludes consideration of the issue unless we find plain error under Rule 52(b), F.R.Crim.P. United States v. Indiviglio, 352 F.2d 276 (2d Cir. 1965), cert. denied 383 U.S. 907, 86 S.Ct. 887, 15 L.Ed. 2d 663 (1966). In Wong Sun v. United States, 371 U.S. 471, 83 S.Ct. 407, 9 L.Ed. 2d 441 (1963), the Court suggested that a confession obtained as a result of an unlawful arrest might be inadmissible in a federal trial if the relationship between the arrest and the confession were not an attenuated one. 371 U.S. at 491, 83 S.Ct. 407. In the instant case, although the arrest and the confession were temporally close together, we find that the admission of the confession did not constitute error.

■ It is not at all clear from the record that the arrest was illegal. The fact that the Newport police, after informing appellant he was being arrested for vagrancy and breach of the peace, told an agent of the Secret Service that the arrest had been for "passing counterfeit notes" may suggest that the vagrancy and breach of the peace charges were being used as an excuse to hold appellant for a different offense. Kentucky Revised Statutes, § 431.025 provides:

> The person making an arrest shall inform the person about to be arrested of the intention to arrest him, and of the offense for which he is being arrested.

If it is apparent that an arrest is made for a charge other than the stated one, then a question may arise as to whether the terms of this statute have been satisfied. However, if probable cause exists to effect an arrest for the crime for which the arrest is actually made, then the defect in stating another reason for the arrest may not be of such significance as to require suppression of a subsequent confession. Cf. Ralph v. Peppersack, 335 F.2d 128, 136 (4th Cir. 1964). If probable cause for arrest for neither offense exists, the arrest may be constitutionally deficient. In this case, appellant demonstrates neither that the arrest for vagrancy and breach of the peace was a sham nor that probable cause was lacking to arrest him for passing counterfeit currency. Moreover, assuming the existence of probable cause to arrest for either offense, the absence of proof of a working arrangement between the Newport police and the federal government would preclude a finding that failure to suppress the confession because of noncompliance with the quoted Kentucky statute had been error. Anderson v. United States, supra; United States v. Sailer, supra.

The judgment of the district court is affirmed.

---

2. It might be observed that Kentucky Revised Statutes, § 434.180, makes it a crime to possess or circulate counterfeit currency of the United States. Therefore, even if the Newport police apprehended appellant for passing counterfeit money rather than vagrancy, it cannot be assumed from this fact alone that the police were acting as agents of the federal government.