440 P.2d 307

**STATE of Arizona, Appellee,**

v.

**John L. ARMSTRONG, Appellant.**

**No. 1546.**

Supreme Court of Arizona.

In Banc.

May 16, 1968.

Darrell F. Smith, Atty. Gen., James S. Tegart, Asst. Atty. Gen., for appellee.

Chris T. Johnson, Phoenix, for appellant.

STRUCKMEYER, Justice.

In deciding this case, State v. Armstrong, 103 Ariz. 174, 438 P.2d 411, we routinely remanded for determination by the trial judge the voluntariness of an asserted confession in accordance with our decision in State v. Simoneau, 98 Ariz. 2, 401 P.2d 404. Defendant now, in his motion for rehearing, urges that, since we decided the trial judge should have resolved the question of voluntariness, it was fundamental error not to have had the jury at the trial pass upon the same question. A re-examination of the record has lead us to certain conclusions which we think are of sufficient significance to require their disposition by way of a written decision.

The defendant was charged with the crime of robbery. He was arrested by a City of Phoenix police officer, Jack Dunn, a detective, and taken to the police station and there interrogated in the presence of Police Officer Richard O. Rimer. At the trial on April 22, 1964, Detective Rimer was called to the witness stand. When it became apparent that he was going to relate a conversation with defendant, defense counsel requested permission to interrogate the witness on voir dire "just to see about the statements that are being made to determine whether or not they will be admissible." Permission having been granted, defense counsel questioned Detective Rimer, in part, as follows:

"Q Now then, there were only three of you in the room?

"A Yes, sir.

"Q Were you wearing a side arm?

"A No, sir.

"Q Did you or Detective Dunn, in your presence, at any time, tell the Defendant he was entitled to an attorney?

"A Yes, sir, he was advised of his rights, as I previously stated.

"Q Well, I know, but I am asking you —he was entitled to an Attorney?

"A Yes, sir, he was advised that he had a right to an Attorney.

\* \* \* \* \* \*

"Q All right. Now then, you told him he was entitled to Counsel, did you, at any time, or Detective Dunn, tell him that anything he said would be held against him?

"A He was told that he did not have to make any statement verbally or written to us. If he did not wish to do so, he was advised of his rights.

"Q Did you or Detective Dunn tell him that in the event he did make a statement, and would plead guilty, that you would see that he went to the hospital?

"A. No, sir.

"Q You didn't have that conversation with him?

"A. No, sir.

"Q Was any conversation about his being sent to a hospital indulged in, at that time?

"A I don't recall any conversation about any hospital of any kind.

"Q As a matter of fact, did Detective Dunn tell him if he would plead guilty to this crime, that he would use his influence to get him sent to a hospital?

"A Detective Dunn made no statement of this type in my presence.

"[Defense Counsel]: You may proceed."

Detective Rimer then related statements of the defendant to the effect that he and another had committed the robbery.

Detective Dunn was also called to the witness stand. He testified *without objection* that the defendant had admitted to him "that he had committed this particular robbery and others."

■ Since the trial of this case was prior to the decision of the United States Supreme Court in Jackson v. Denno, 378 U.S. 368, 84 S.Ct. 1774, 12 L.Ed.2d 908, the trial judge applied the accepted law of this state as of that time. See State v. Hudson, 89 Ariz. 103, 358 P.2d 332. Arizona did not then require a specific determination of voluntariness by the trial judge but only a decision that there was a question of fact for the jury to resolve. Cf. State v. Owen, 96 Ariz. 274, 394 P.2d 206.

After the opinion in Jackson v. Denno, we said:

"It is the duty of a trial court to hold a hearing as to voluntariness of a statement or confession, if a question as to its voluntariness is raised—either by the attorneys, or one is presented by the evidence." State v. Goodyear, 100 Ariz. 244, 413 P.2d 566.

In the present case no question of voluntariness was raised—either by defendant's attorney or by the evidence. Accordingly, we have concluded that the trial judge was not required, *sua sponte,* to enter upon an examination outside of the presence of the jury to determine the possible involuntariness of the confession.

Armstrong took the witness stand and testified in his own behalf:

"Q And, did you have a conversation with Mr. Dunn in the interrogation room there?

"A Yes.

"Q What did Mr. Dunn say to you?

"A Mr. Dunn told me that he had my record. And, that a man with my past record must need some type of mental health. Now, he told me that he knew pretty sure I was not involved in the robbery, but he said we have other charges we are going to make you on anyway, so he said, 'Why don't you cooperate with me, John, and I will help you get into the hospital here.' Those were his very words. And, I told him, I said, 'Look, if you can get me into an alcohol clinic or a hospital, I will clear up your whole files.' I will plead guilty to any charge you bring up against me in Court. But, as far as me being guilty of that robbery, I am not guilty of that robbery.'

"Q  Do you remember Officer Rimer being present?

"A  I never saw him before today in Court.. I have never seen that Officer before.

&ast;&ast;&ast;&ast;&ast;&ast; * * * * * *

"Q  In other words, what Officer Dunn said here is not true?

"A  It is incorrect.

"Q  It is worse than that, it is a lie.

"A  It is an absolute lie, yes, sir.

"Q  It is perjury?

"A  It is. It is an absolute lie. The Officer I have never seen him before in my life, that claimed he sat in the room while I talked to Jack Dunn. I never talked to anybody.

"Q  And, Detective Rimer is also lying, incorrect, perjury?

"A  I have never seen him before. The man couldn't look me in the eye here in the Courtroom. I have never seen him before."

Defendant's testimony is that he did not make the statements attributed to him by the police officers. He made no claim whatsoever that the purported statements were coerced or were otherwise involuntary.

■ We recognize the right of a defendant to both deny the making of a confession and assert under the Fifth and Fourteenth Amendments that a confession was involuntary. Lee v. State of Mississippi, 332 U.S. 742, 68 S.Ct. 300, 92 L.Ed. 330. We do not, however, believe that the principle of that case has application here. As stated, the defendant in the instant case did not, in the court below or in this Court, urge that the confession was involuntary. He did state that he was offered an inducement to plead guilty but that he rejected it. The first suggestion of involuntariness was presented in defendant's motion for new trial in which he set forth:

"The court erred in admitting the testimony of the officers concerning statements against interest of the accused, over the objections of the defendant, that statements were not voluntary, in that he had not been warned of his legal rights in such cases made and provided."

Doubtless the trial court in denying the motion considered first that the defendant had not, in fact, objected to the introduction of the confessions and second that at that time the law of this jurisdiction did not require that an accused be warned of his legal rights by arresting officers or that he be furnished the assistance of counsel prior to arraignment. State v. Goff, 99 Ariz. 79, 407 P.2d 55; State v. Schumacher, 97 Ariz. 354, 400 P.2d 584.

Since the decision in Jackson v. Denno, supra, other courts have held that, where there was no claim that an inculpatory statement was involuntary and the defendant denied making the statement, the trial court did not err in failing to, *sua sponte,* make a specific finding relative thereto, and that the failure to submit the question of voluntariness to the jury is not error. United States v. Frazier, 385 F.2d 901, 6th Cir., Nov. 1967; Woody v. United States, 126 U.S.App.D.C. 353, 379 F.2d 130, May 1967, cert. denied 389 U.S. 961, 88 S.Ct. 342, 19 L.Ed.2d 371; People v. Washington, 4 Mich.App. 453, 145 N.W.2d 292, Oct. 1966. But cf. Commonwealth ex rel. Raymond v. Rundle, 427 Pa. 313, 233 A.2d 870.

In Woody v. United States, supra, the defendant took the stand and denied committing the offense and making the incriminating statements attributed to him. The circuit court observed that a remand to determine voluntariness "would call on the District Judge to decide on the voluntariness of statements which Appellant insists he never made." 379 F.2d at 131. The Court further held:

"We do not rest solely on the futility of remand. Appellant never contested the voluntariness of the statements and never asked for a hearing on voluntariness; we see no basis for a remand to afford him an opportunity to make a claim he has heretofore eschewed." 379 F.2d at 132.

In United States v. Frazier, the Court said:

"Appellant now contends that the trial judge should have determined the voluntariness of the confession, even in the absence of an objection by counsel based on involuntariness. Nothing in the record leads us to assume that trial counsel's limited objection was not based on a reasonable assessment of the situation. Under the circumstances, there was no reason for the trial judge, *sua sponte,* to make further inquiry into the background of the confession.

"Appellant further contends that the jury should have been given an instruction not to consider the confession if it was found to have been involuntary. Since this instruction was not requested and no objection was made to its omission from the trial judge's charge, the failure to have given it cannot be assigned as error. Rule 30, F.R.Crim.P. Moreover, as no evidence of involuntariness was adduced at the trial, there was no basis for giving the instruction. D'Aquino v. United States, 192 F.2d 338 (9th Cir. 1951), cert. denied, 343 U.S. 935, 72 S.Ct. 772, 96 L.Ed. 1343 (1952)." 385 F.2d at 903.

In People v. Washington, the Court said:

"Defendant's appeal contends that he was denied due process of law when the trial court admitted into evidence an alleged confession without first having determined the voluntariness of it. Defendant further claims error on (1) the court's failure to instruct the jury on the law applicable to confessions; * * *.

   \*      \*      \*      \*      \*      \*

"The defendant testified and denied any knowledge of the robbery and, although he admitted making part of the statement attributed to him by the detective, he denied that part which tended to incriminate him.

"Thus at the trial no question was raised about the voluntariness of the statement or confession. Only the accuracy of the purported statement was in issue. Whether the jury believed the detective or the defendant on *this* issue we do not know. But the question of the *voluntariness* of this statement cannot be laid before us so long as the defendant persists in his denial that the statement was made.

"We see no merit in the appellant's first contention. Likewise we see no merit in the claim that the court should have instructed the jury on the law applicable to confessions. No request for this instruction was made and absent such request, no error may be assigned for failure to give it. See People v. Thomas (1952), 333 Mich. 496, 53 N.W. 2d 349, and cases cited therein." 145 N.W.2d at 293. (Emphases in original.)

For the foregoing reasons, the order heretofore entered in our decision of March 6, 1968, directing that the superior court enter into a determination of voluntariness pursuant to the dictates of Jackson v. Denno, supra, and State v. Simoneau, supra, is vacated and the judgment of conviction is affirmed.

McFARLAND, C. J., UDALL, V. C. J., and LOCKWOOD, J., concur.

BERNSTEIN, Justice (dissenting).

I believe this case should be overruled for the reasons set forth in my dissenting opinion in State of Arizona v. Armstrong, 103 Ariz. 174, 438 P.2d 411.