348

CRIMINAL LAW—JURY INSTRUCTIONS—APPEAL AND ERROR—PRESERV-
ING QUESTIONS FOR REVIEW.

Failure of the defense to object at trial to the court's instructions
to the jury precludes review of those instructions by the Court
of Appeals where they fairly represented the issues and did not
prejudice defendant.

Appeal from Genesee, Stewart A. Newblatt, J. Submitted Division 2 February 6, 1969, at Lansing. (Docket No. 5,844.) Decided February 28, 1969. Leave to appeal denied October 15, 1969. See 382 Mich 787.

George F. Bradshaw was convicted of breaking and entering. Defendant appeals. Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *Robert F. Leonard,* Prosecuting Attorney, and *Dennis C. Karas,* Assistant Prosecuting Attorney, for the people.

*Andrew J. Transue,* for defendant.

BEFORE: QUINN, P. J., and McGREGOR and V. J. BRENNAN, JJ.

PER CURIAM. Defendant, convicted by a jury of breaking and entering, MCLA § 750.110 (Stat Ann

REFERENCE FOR POINTS IN HEADNOTE
5 Am Jur 2d, Appeal and Error § 623.

1968 Cum Supp § 28.305), contends that the trial judge committed reversible errors, both in the instructions on reasonable doubt and by denying defendant's motion for a new trial, grounded on his contention that the evidence did not warrant a finding of guilt beyond a reasonable doubt.

Defendant did not object to the instructions, which fairly represented the issues and did not prejudice defendant. Therefore, the instructions are unassailable. *People* v. *Petrosky* (1938), 286 Mich 397; *People* v. *Storrick* (1924), 228 Mich 642; 2 Gillespie, Michigan Criminal Law & Procedure (2d ed), § 662.

Testimony included an identification of defendant at the crime scene. Thus the evidence, if believed, was sufficient for the jury to find defendant's guilt beyond a reasonable doubt. *People* v. *Washington* (1966), 4 Mich App 453.

Affirmed.