UNITED STATES of America,
Plaintiff-Appellee,

v.

David James ROSE, Defendant-Appellant.

No. 19151.

United States Court of Appeals
Sixth Circuit.

July 25, 1969.

Certiorari Denied Dec. 8, 1969.
See 90 S.Ct. 458.

Richard S. Donahey, court-appointed, Columbus, Ohio, for appellant.

Alvin J. McKenna, Asst. U. S. Atty., Columbus, Ohio, for appellee; Roger J. Makley, U. S. Atty., Thomas R. Smith, Asst. U. S. Atty., Cincinnati, Ohio, on brief.

Before WEICK, Chief Judge, Mc-CREE, Circuit Judge, and Mc-ALLISTER, Senior Circuit Judge.

PER CURIAM.

This is an appeal from a judgment of conviction entered by the District Court on a jury verdict finding appellant guilty of robbery of a federally insured bank, in violation of 18 U.S.C. § 2113(a) (1948). The only question presented is whether the District Court erred in denying appellant's motion to suppress his confession.

The Frazeysburg Branch of the First National Bank of Zanesville, Ohio was robbed on the morning of February 15, 1968 at about 9:30 a. m. Appellant was arrested as a suspect in this robbery one hour later in a nearby county, turned over to the Sheriff of Muskingum County, in which the bank is located, and confined in the Zanesville jail. About one half hour later, agents of the Federal Bureau of Investigation arrived at the jail to interview appellant but they deferred questioning him until 1:30 p. m. because he had not eaten lunch. The proper constitutional warnings were given, he agreed to answer questions, and by 2:35 p. m. he had signed a typewritten confession. The next morning federal charges were filed against appellant and he was taken before a United States Commissioner.

Before trial, his motion to suppress the confession was denied by the District Court. He was then tried and found guilty by the jury. This appeal followed.

 Rule 5(a), Fed.R.Crim.P., provides in pertinent part:

> An officer making an arrest under a warrant issued upon a complaint or any person making an arrest without a warrant shall take the arrested person without unnecessary delay before the nearest available commissioner or before any other nearby officer empowered to commit persons charged with offenses against the laws of the United States.

This is a rule of federal procedure, however, and is not applicable to state proceedings. Accordingly, confessions obtained by federal agents from persons held in state custody are not vitiated solely because of failure to comply with this rule. *See* Barnett v. United States, 384 F.2d 848 (5th Cir. 1967); United States v. Frazier, 385 F.2d 901 (6th Cir. 1967).

 Appellant contends that this case falls within an exception to this principle because he was held in state custody pursuant to a working arrangement between federal and state authorities designed to circumvent his rights under Rule 5(a). Although it is clear that such an arrangement would invoke the doctrine of constructive federal custody set forth in Anderson v. United States, 318 U.S. 350, 63 S.Ct. 599, 87 L. Ed. 829 (1943), the burden is on appellant to establish its existence. United States v. Sailer, 309 F.2d 541 (6th Cir. 1962), cert. denied, 374 U.S. 835, 83 S. Ct. 1884, 10 L.Ed.2d 1057 (1963). In this appeal, the District Court specifically found in its order denying the motion to suppress that no such working relationship existed. Study of the record convinces us that this finding is not clearly erroneous.

Although it does not appear that state charges were ever filed against appellant, he was booked at the Zanesville jail on suspicion of bank robbery, a crime under the law of Ohio. 29 Ohio Rev. Code, § 2907.141 et seq. Furthermore, there is no evidence that federal agents instigated or participated in any manner in appellant's arrest, which was apparently made before there had been any contact between federal and state authorities. *See* Young v. United States, 344 F.2d 1006 (8th Cir. 1965), cert. denied, 382 U.S. 867, 86 S.Ct. 138, 15 L. Ed.2d 105 (1965).

Since we have determined that Fed.R. Crim.P. 5(a) is inapplicable, we find it unnecessary to consider appellant's contention that his arraignment was unduly delayed and that his confession was therefore obtained in violation of the rule's requirements.

The judgment of the District Court is affirmed.