PEOPLE *v.* BANKS

1. INDICTMENT AND INFORMATION—RES GESTAE WITNESSES—STAT-
    UTE—SCOPE.
    The actual scope of the statute which requires the indorsement
        on the information of all witnesses known to the prosecutor
        at the time of filing has been judicially defined as requiring
        only the indorsement of *res gestae* witnesses (MCLA § 767-
        .40).

2. INDICTMENT AND INFORMATION—RES GESTAE WITNESSES.
    Failure to require the indorsement of two persons as *res gestae*
        witnesses was not error where there was no clear evidence that
        would place either of them even near the scene of the crime.

3. CRIMINAL LAW—INSTRUCTIONS TO JURY—FAILURE TO OBJECT.
    Failure to object to the court's instruction to the jury at the
        time of trial precludes raising it as error on appeal (GCR
        1963, 516.2).

Appeal from Berrien, Karl F. Zick, J. Submitted
Division 3 October 6, 1970, at Grand Rapids.
(Docket No. 7,661.)  Decided October 26, 1970.

Robert Banks was convicted of uttering and pub-
lishing a forged instrument. Defendant appeals.
Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A.
Derengoski,* Solicitor General, *Ronald J. Taylor,*
Prosecuting Attorney, and *Wilbur Schillinger,* As-
sistant Prosecuting Attorney, for the people.

*Henry W. Gleiss,* for defendant on appeal.

Before: Holbrook, P. J., and R. B. Burns and J. J. Kelley, Jr.,* JJ.

Per Curiam. Defendant was convicted by a jury of uttering and publishing a forged instrument. (MCLA § 750.249 [Stat Ann 1962 Rev § 28.446]). He appeals, claiming three errors.

The first error alleged is the failure of the trial court to require the indorsement of two persons as *res gestae* witnesses. The prosecutor is required by statute to indorse on the information "all witnesses known to him at the time of filing." MCLA § 767.40 (Stat Ann 1970 Cum Supp § 28.980). While the statute states that "all witnesses" must be indorsed, the actual scope of this duty has been judicially defined as requiring indorsement only as to *res gestae* witnesses. *People* v. *Kayne* (1934), 268 Mich 186; *People* v. *Dickinson* (1966), 2 Mich App 646. The question in this case is whether the two persons could give testimony that would constitute a part of the *res gestae* or whole transaction of the offense for which defendant was convicted. This question must be answered in the negative. There is uncontroverted evidence that the crime was accomplished by a single person. There is no clear evidence that would place either of the two alleged *res gestae* witnesses even near the scene of the crime. The whole argument for their indorsement is based on the vague wording in a statement given by one Reimers that two were involved with defendant in cashing the stolen checks. However, the portion of the statement which relates to the check involved in this case names defendant as the one who cashed the check and no mention is made of anyone else. The ruling of the trial court was entirely proper and

---

* Circuit judge, sitting on the Court of Appeals by assignment.

it was not error for the two persons not to be indorsed or called.

Secondly, defendant alleges error on the part of the trial court in the giving of the instructions to the jury. No objection was made to the instructions, which fairly stated the issues. Not having made such timely objection, defendant is precluded from claiming error on appeal. GCR 1963, 516.2; *People v. Bradshaw* (1969), 16 Mich App 348.

Defendant's contentions as to the insufficiencies of the information filed against him are without merit.

Affirmed.