STATE OF NEBRASKA, APPELLEE, v. ANTHONY BAZIS, ALSO
KNOWN AS BUTCH BAZIS, APPELLANT.
210 N. W. 2d 919

Filed October 5, 1973. No. 38885.

Paul E. Watts, for appellant.

Clarence A. H. Meyer, Attorney General, and James
J. Duggan, for appellee.

Heard before WHITE, C. J., SPENCER, BOSLAUGH, SMITH,
McCOWN, NEWTON, and CLINTON, JJ.

NEWTON, J.
Defendant was convicted of possessing amphetamines

with an intent to deliver or distribute them. He assigns as error the failure to suppress evidence of the amphet-amines seized under a search warrant; delay of arraignment over the weekend and the admission of a statement of defendant made prior to arraignment; the sustaining of a witness' claim to privilege against self-incrimination; and the failure to grant probation.

The affidavit for a warrant to search defendant's premises reflects surveillance by officers in response to complaints received and information obtained from informants of drug trafficking on the premises. Numerous parties were observed entering and shortly leaving and three had been recently arrested for possession of controlled substances. An informant, previously found to be reliable, stated he had been in the defendant's residence within the past month and observed what he believed to be amphetamines. Another reliable informant stated he had purchased drugs in the residence "in the last six months," and made such purchases directly from the defendant. Another reliable informant reported illegal drug activity on a large scale was carried on by defendant.

In determining the sufficiency of an affidavit for a search warrant, only the probability, and not a prima facie showing, of criminal activity is the standard of probable cause. In judging probable cause, magistrates are not to be confined by niggardly limitations or by restrictions on the use of their common sense and their determination is entitled to reasonable deference by reviewing courts. See Spinelli v. United States, 393 U. S. 410, 89 S. Ct. 584, 21 L. Ed. 2d 637. Taken as a whole the affidavit meets necessary requirements and the drugs seized were properly admitted in evidence.

Delay of arraignment over the weekend of one arrested on a Sunday is not unreasonable. See State v. O'Kelly, 175 Neb. 798, 124 N. W. 2d 211. The statement volunteered by defendant before being given the Miranda warnings to the effect that one person was "clean" was

properly admitted. A statement made by a defendant, although inadmissible, due to a failure to comply with Miranda, during the State's case-in-chief, is admissible for impeachment purposes. See Harris v. New York, 401 U. S. 222, 91 S. Ct. 643, 28 L. Ed. 2d 1. Furthermore, neither this question nor that of the sufficiency of the affidavit for a search warrant were raised in the motion for a new trial. The assignment is without merit.

A witness called by the defendant answered one question indicating knowledge of one sale of amphetamines and to all other questions pleaded the Fifth Amendment. The one question was answered as the result of an apparent misunderstanding of a ruling by the trial court. "In order to deny a claim to the privilege against self-incrimination by a witness, it must be perfectly clear to the judge from a careful consideration of all of the circumstances in the case that the witness is mistaken and that the answer or answers cannot possibly have a tendency to incriminate." State v. Holloway, 187 Neb. 1, 187 N. W. 2d 85. The court properly upheld the witness' privilege against self-incrimination.

The defendant's insistence on probation is not well founded. "Where the punishment of an offense created by statute is left to the discretion of the trial court within prescribed limits, the sentence imposed within those limits will not be disturbed on appeal unless there appears to be an abuse of discretion." State v. Kelly, 190 Neb. 41, 205 N. W. 2d 646. The defendant is a former inmate of the Kearney Boy's Training School, has a lengthy traffic and misdemeanor record, and was in possession of a sufficiently large quantity of drugs to give credence to his reputation as a "pusher." There was no abuse of discretion.

The judgment of the District Court is affirmed.

AFFIRMED.