STATE OF NEBRASKA, APPELLEE, V. ALVARO ESCAMILLA,
APPELLANT.

239 N. W. 2d 270

Filed March 4, 1976. No. 40252.

T. Clement Gaughan, Richard L. Goos, and Paul M. Conley, for appellant.

Paul L. Douglas, Attorney General, and Terry R. Schaaf, for appellee.

Heard before WHITE, C. J., SPENCER, BOSLAUGH, McCOWN, NEWTON, CLINTON, and BRODKEY, JJ.

NEWTON, J.

Defendant, an inmate of the Nebraska Penal and Correctional Complex, was convicted of murder in the second degree. He was charged with killing another inmate, Luther W. Wilson, by stabbing. Errors assigned are the exclusion of evidence as to the deceased's character; failure to hold a Jackson v. Denno-type hearing; and denial of a motion to produce the defendant's jacket. We affirm.

The record is devoid of any evidence to support a plea of self-defense and no instruction was given or requested as to such a defense. Neither is error assigned

for failure to so instruct. It is the general rule that in a homicide or assault case a defendant may show the dangerous and turbulent character of the victim, but may do so only after laying a foundation by evidence tending to show self-defense. See, Annotation, 1 A. L. R. 3d 571; Carleton v. State, 43 Neb. 373, 61 N. W. 699; State v. Kimbrough, 173 Neb. 873, 115 N. W. 2d 422.

The defendant contends that the obtaining of certain confessions which were not placed in evidence "chilled" his ability to testify in his own behalf in that they might have been used for impeachment purposes. This proposition was not mentioned in the motion for new trial, nor included in the errors assigned. It will nevertheless be disposed of. That confessions illegally obtained may be used for impeachment purposes has been established. See, Harris v. New York, 401 U. S. 222, 91 S. Ct. 643, 28 L. Ed. 2d 1; State v. Bazis, 190 Neb. 586, 210 N. W. 2d 919. Under such circumstances it is for the defendant to decide whether or not he should testify. He has not been deprived of his constitutional right to testify, but has voluntarily elected not to.

Exhibits 12 and 13 received in evidence are notes written by defendant and passed to another inmate. There is no confession of guilt contained in the notes, only a plea that the recipient assume responsibility for the stabbing. The defense objected to the notes being received in evidence on the ground that they were not confessions and were hearsay, irrelevant, and immaterial. There was no request for a hearing on voluntariness under the rule set forth in Jackson v. Denno, 378 U. S. 368, 84 S. Ct. 1774, 12 L. Ed. 2d 908. In Jackson v. Denno, *supra*, the court stated that in the absence of a request for a hearing to determine voluntariness, the defendant cannot complain of the failure of the court to hold such a hearing. See, also, State v. Oliva, 183 Neb. 620, 163 N. W. 2d 112.

During the cross-examination of an eyewitness to the crime, the defense requested that the defendant's coat

and undershirt be produced for use in the cross-examination. The request was denied on the ground that it was not within the scope of the direct examination, but defendant was given permission to use the articles in his case-in-chief. He did not do so, but the State later introduced in evidence a jacket found under the defendant's mattress. Obviously the defense intended to use the jacket to try and impeach the evidence of the eyewitness by showing an absence of blood stains. Although the court might well have acceded to the defendant's request, there was no prejudicial error. Defendant could have introduced the jacket himself and used it to impeach the evidence given by the witness if it were in a condition to make impeachment feasible. Furthermore, the jacket found in the defendant's bed and introduced was apparently the jacket requested.

The judgment of the District Court is affirmed.

AFFIRMED.