STATE OF NEBRASKA, APPELLEE, V. WILLIS L. WARREN,
APPELLANT.
416 N.W.2d 249

Filed December 11, 1987. No. 87-096.

Thomas M. Kenney, Douglas County Public Defender, and Timothy P. Burns, for appellant.

Robert M. Spire, Attorney General, and Linda L. Willard, for appellee.

HASTINGS, C.J., BOSLAUGH, WHITE, CAPORALE, SHANAHAN, and GRANT, JJ., and COLWELL, D.J., Retired.

GRANT, J.

This is an appeal from the district court for Douglas County, where Willis L. Warren was convicted in a jury trial of burglary and sentenced to 3 years' imprisonment. At issue is the testimony of the arresting officer regarding incriminating statements made to him by the defendant. Defendant assigns as error that the district court allowed the arresting officer to testify concerning defendant's statement made to him following defendant's arrest. We hold that defendant's statement was admissible, and affirm.

The record shows that Rev. Roy McLemore, who lived in a duplex in Omaha, Nebraska, was hospitalized on August 15, 1986. On August 19, 1986, he was called at the hospital and told a light was on in the upstairs of his house. He then called the police.

Omaha Police Officers Morford and Higgins responded to a burglary in progress call at the McLemore address. Officer Morford testified that he arrived first and checked around the side of the duplex. At this time he heard footsteps in the duplex going toward the front of the duplex. Officer Morford testified

that he then went around to the front and saw defendant running out the front door. At about the same time, Officer Higgins arrived in his cruiser. Both Higgins and Morford chased defendant, caught him about a block away, and arrested him. He was placed in the cruiser with Officer Morford.

While testifying during the jury trial, Officer Morford stated that while he and defendant were in the police cruiser, he asked defendant for identification. Defendant produced identification. Officer Morford testified that he did not initiate the conversation, but that he "did ask [defendant] two questions after he made a statement to me." After the county attorney then asked the officer what the defendant had told him, defense counsel objected because there had been "no foundation laid whether or not these statements are voluntary or under the advisement of rights." This objection apparently went to the alleged "statement" and to the two questions.

The court then required foundation for defendant's remarks. Foundation was laid as to the "statement" made by defendant, in that the officer testified he had asked no questions after defendant identified himself, but that defendant volunteered a statement.

After the officer was asked, "What did he tell you," defendant again objected generally, stating, "At this point it appears that the defendant was in custody."

Before the court ruled on this objection, Officer Morford testified:

> At the time that I — after I had run a record check to verify that he — he was who he said he was, the party made a statement that I was just in the house, I had heard that the people that had lived there moved, and I was checking to see if there was anything of any value that I could use later.

Defendant then again objected and asked for a mistrial. The objection was overruled and the motion for mistrial denied. State's counsel then asked Officer Morford about the two questions which the officer had later addressed to the defendant. The objection to that question was sustained. Since the criminal offense of burglary, pursuant to Neb. Rev. Stat. § 28-507 (Reissue 1985), requires both a forcible breaking and entering and an intent to commit a felony or steal property, a

statement tending to establish intent to steal would be helpful to the prosecutor producing evidence of the alleged crime.

Counsel for defendant conceded that defendant might be guilty of trespass, but asserted that defendant lacked the requisite "intent to steal." Defendant testified that he entered the duplex, which he thought was vacant, because he needed a place to stay. He also denied having made the disputed statement to Officer Morford.

With regard to the admissibility of defendant's statement, this court holds that Neb. Rev. Stat. § 29-115 (Reissue 1985), although it was not raised at trial, is dispositive. The statute states in relevant part:

> Any person aggrieved by a statement taken from him or her which is not a voluntary statement, or any statement which he or she believes was taken from him or her in violation of the fifth or sixth amendments of the Constitution of the United States, may move for suppression of such statement for use as evidence against him or her. The suppression motion shall be filed in the district court where a felony is charged and may be made at any time after the information or indictment is filed, and must be filed at least ten days before trial, unless otherwise permitted by the court for good cause shown. Unless claims of a statement being involuntary or taken in violation of the fifth or sixth amendments of the Constitution of the United States are raised by motion before trial as provided in this section, all objections to the use of such statements as evidence on these grounds shall be deemed waived, except that the court may entertain such motions to suppress after the commencement of trial when the defendant is surprised by the introduction of such statements by the state, and also the court in its discretion may entertain motions to suppress such statements when the defendant was not aware of the grounds for any such motion before the commencement of trial, or in such situations as the court deems that justice may require.

This statute generally reflects the holdings of this court that "[t]he defendant may request a hearing on and a determination

of voluntariness, but in the absence of such request, defendant cannot complain of the failure of the court to hold such a hearing and make such determination." *State v. Oliva*, 183 Neb. 620, 625, 163 N.W.2d 112, 115 (1968), citing *United States v. Frazier*, 385 F.2d 901 (6th Cir. 1967), and *Woody v. United States*, 379 F.2d 130 (D.C. Cir. 1967). See, also, *State v. Escamilla*, 195 Neb. 558, 239 N.W.2d 270 (1976).

Section 29-115 requires that any objection as to the voluntariness of a statement of a defendant in a criminal trial be made as a pretrial motion to suppress the statement. Failure to object at this stage results in a waiver of the objection. Defendant did not raise the issue in a pretrial motion to suppress. In addition, with regard to other provisions in § 29-115 providing for exceptions to the requirement that motions to suppress statements be filed before trial, there is no evidence in the record that defendant made a contention that he was surprised by the introduction of the statement, nor is there evidence that defendant was not aware of the grounds for the motion before the commencement of the trial.

The objection should have been overruled pursuant to § 29-115, since the right to object had been waived by operation of the statute. Defendant does not challenge the statute, nor does he attempt to bring himself within the exceptions to the statute's requirements. The judgment is affirmed.

AFFIRMED.

WHITE, J., dissenting.

In my view, Neb. Rev. Stat. § 29-115 (Reissue 1985) served to deny the defendant in this case his due process rights as announced in *Jackson v. Denno*, 378 U.S. 368, 84 S. Ct. 1774, 12 L. Ed. 2d 908 (1964). The *Jackson* Court held that "[a] defendant objecting to the admission of a confession is entitled to a fair hearing in which both the underlying factual issues and the voluntariness of his confession are actually and reliably determined." *Id.* at 380. The Court announced its decision as follows:

It is now axiomatic that a defendant in a criminal case is deprived of due process of law if his conviction is founded, in whole or in part, upon an involuntary confession, without regard for the truth or falsity of the

confession, *Rogers v. Richmond*, 365 U. S. 534, and even though there is ample evidence aside from the confession to support the conviction. *Malinski v. New York*, 324 U. S. 401; *Stroble v. California*, 343 U. S. 181; *Payne v. Arkansas*, 356 U. S. 560. Equally clear is the defendant's constitutional right at some stage in the proceedings to object to the use of the confession and to have a fair hearing and a reliable determination on the issue of voluntariness, a determination uninfluenced by the truth or falsity of the confession. *Rogers v. Richmond, supra.*

*Id.* at 376-77.

The defendant's objection at trial to the voluntariness of his statement warranted a separate *Jackson v. Denno* hearing outside the presence of the jury. This would afford the trial judge the opportunity to make a reliable determination of voluntariness based upon all the evidence. The evidence of voluntariness should not be limited, as it was in this case, to the State's own witness' testimony.

This view finds support in the federal case law. Rule 12 of the Federal Rules of Criminal Procedure is very similar to § 29-115. Rule 12 provides in relevant part:

> (b) . . . The following must be raised prior to trial:
>
> . . . .
>
> (3) Motions to suppress evidence . . . .
>
> . . . .
>
> (f) . . . Failure by a party to raise defenses or objections or to make requests which must be made prior to trial, at the time set by the court pursuant to subdivision (c), or prior to any extension thereof made by the court, shall constitute waiver thereof, but the court for cause shown may grant relief from the waiver.

In *United States v. Powe*, 591 F.2d 833, 839 (D.C. Cir. 1978), the court recognized that "[o]rdinarily, the issue of voluntariness will be raised by the defense, either by a pretrial motion to suppress [citing Fed. R. Crim. P. 12(b)(3)] or by objection at trial [citing Fed. R. Crim. P. 12(f)]." Despite the waiver language in rule 12, the court said, "When an objection is lodged [at trial], the hearing requirements mandated by *Jackson v. Denno* are triggered, and a hearing must be held out

of the presence of the jury to determine whether the confession is admissible." 591 F.2d at 839. See, also, *Luck v. United States*, 348 F.2d 763 (D.C. Cir. 1965).

For this reason, I respectfully dissent.

SHANAHAN, J., joins in this dissent.