J. J. ANDERSEN, Appellee, v. ARNOLD SPENCER, Appellant.

No. 45384.

DECEMBER 10, 1940.

Dalton & Dalton, for appellee.

L. L. Ryan and Graham & Graham, for appellant.

SAGER, J.—The following statement taken from the instructions of the trial court is sustained by the record:

"* * * on the evening of March 6, 1937, the defendant Arnold Spencer was Mayor of the City of Audubon, Iowa, and that the defendant Henry Petersen was Deputy Marshal and night watchman of said city. That some time during the evening of said date the said Andersen met * * * Spencer * * * that some controversy arose between * * * Andersen and * * * Spencer and that thereupon * * * Spencer called to the defendant Petersen and orally ordered * * * Petersen to take * * * Andersen to the County Jail and there lock him up, that following this direction * * * Petersen as an officer commanded * * * Andersen to go with him to the County Jail where he locked him up, and that * * * Andersen remained confined there until some time about noon of the following day when he was released by Fred Clemmensen, Sheriff; that no information was filed against * * * Andersen and no warrant issued against him, and no hear-

ing was had upon any charge against him at any time before his release.''

It might be added that no action was later taken against plaintiff. The mayor seems to have been satisfied with the arrest and confinement of plaintiff, but not so appellee. Irked by the treatment accorded him, he betook himself to the district court for redress in the action from which this appeal results.

■ Appellant, Spencer, in argument, presents six numbered reasons why a reversal should be had but, in effect, they resolve into two. One complaint is over the refusal to give requested instruction No. 2 which reads as follows:

''You are instructed that a peace officer making an arrest without a warrant has a reasonable time within which to file an information charging the offense for which the arrest was made, and reasonable time as herein used must be determined by reference to all the facts and circumstances surrounding the arrest and detention, including the time of day or night and week.''

The point of the argument here is that the court should have told the jury that the officer might delay for a reasonable time the filing of an information, or before taking the plaintiff before a magistrate. Whether approximately 18 hours would be a reasonable time, except for special reasons, may well be doubted though this we do not decide. Since no attempt was made at any time to file charges against the plaintiff, the matter of reasonable time is not involved. In support of his argument at this point, appellant cites Hutchinson v. Sangster, 4 G. Greene [Iowa] 340. That case is so little like the one before us that it scarcely needs notice. There the defendant was too intoxicated to be fit for examination and notwithstanding his condition was kept in jail only two hours. No claim is made here that the plaintiff was intoxicated or otherwise incapacitated, and no one but the appellant, who is flatly contradicted by the plaintiff, testified to any illegal acts on the part of appellee. That appellant, Spencer, was lacking in self-control may be evidenced by his curt invitation that appellee ''go to............ ................'' when appellee protested against defendant sending to his home a boy suffering from scarlet fever. The court clearly

instructed the jury with reference to the duties of peace officers in making arrests without warrant and there was no error in refusing to give the requested instruction.

■ ˙ Appellant further argues that there was error in giving that part of instruction No. 5 which reads:

"In view of the conceded and admitted facts that the plaintiff was arrested orally, that no warrant was issued, no information filed, and no trial had, prior to his release, you are instructed that the plaintiff will be entitled to recover at your hands, damages for said arrest and imprisonment unless the defendants show that the said arrest and imprisonment was lawful and in compliance with the statute."

It is insisted that the burden was on plaintiff to prove that the arrest and imprisonment was not justified. In the light of the undisputed facts, it is difficult to understand how such a contention can be made.

Conceding for the moment that the arrest was legal in itself, the subsequent conduct of the mayor was without justification or excuse. In spite of the insistence of appellee's attorney, this defendant refused to accept bail or otherwise follow any of the provisions of the statute enacted for the protection of persons placed under arrest. We have examined with care the instructions given by the court and find nothing in them of which appellant may justly complain. In the light of the record appellant seems to have escaped with a light penalty and he should be content. As bearing on cases of this kind generally, see Fox v. McCurnin, 205 Iowa 752, 218 N. W. 499.

The jury was warranted in finding the verdict that it did. The judgment of the trial court was right and it should be and is affirmed.—Affirmed.

Chief Justice and all Justices concur.