James Charley NEZ, Appellant,

v.

UNITED STATES of America, Appellee.

No. 8664.

United States Court of Appeals Tenth Circuit.

Aug. 15, 1966.

Rehearing Denied Sept. 7, 1966.

Melvin L. Robins, Albuquerque, N. M., for appellant.

John Quinn, Albuquerque, N. M., (John A. Babington, Albuquerque, N. M., on brief), for appellee.

Before MURRAH, Chief Judge, PICKETT and HILL, Circuit Judges.

MURRAH, Chief Judge.

This appeal involves the admissibility of an incriminating statement by the Navajo Indian-appellant which was introduced against him in the trial of his case on a charge of rape on an Indian Reservation. See 18 U.S.C. § 1153. There is no contention that the statement was involuntary, it being undenied in the trial court and here that appellant was

advised several times by the agent who took the statement that he had a right not to make it, but if he did, it would be used against him; that he had a right to an attorney, and if he had no money, one would be provided for him.[1] The pretrial motion to suppress alleges that the statement was obtained after an "unreasonable length of time of detention" and was the "fruit of an illegal arrest and detention", therefore, inadmissible.

The pertinent facts are that Arlene Henderson, an eleven-year-old Navajo Indian girl was raped on the night of July 30, 1965. A special agent of the Federal Bureau of Investigation investigating the case obtained reliable information that the assailant was the victim's uncle, the appellant. After discussing the facts by telephone with the United States Attorney in Albuquerque, New Mexico, on August 4, the agent was authorized to file a complaint against appellant. He attempted to file it before the nearest United States Commissioner in Farmington, New Mexico. Finding her unavailable, he called an FBI Special Agent in Albuquerque, told him that Arlene Henderson had been raped four times, that he had obtained a statement from the victim identifying the appellant, and requested him to file a complaint before the Commissioner in Albuquerque charging appellant with the offense.

The complaint, signed by the Albuquerque Special Agent, stated that it was based upon a signed, written statement by the victim that defendant did forcibly hold her overnight and rape her four times. On the same day a warrant was issued and appellant was arrested by a Navajo policeman who, at about 5:00 p. m., delivered him into custody of the Agent who had investigated the case. He was then taken to the jail in Farmington. The United States Commissioner being unavailable, appellant remained in jail until the next day when he was arraigned before the Commissioner at 9:30 a. m. and was thereafter taken to an approved jail at Aztec, New Mexico, some fifteen miles from Farmington. En route the agent questioned appellant concerning the charges and about one and one-half hours after arrival at Aztec, appellant made the challenged statement to the FBI Agent.

A hearing on the motion to suppress developed that the averment in the complaint to the effect that the victim had signed a written account was incorrect, the true fact being that the victim's recital to the agent was oral. Relying primarily on Hollingsworth v. United States, 10 Cir., 321 F.2d 342, the trial court was of the opinion that "no cause exists for the suppression of the [appellant's] written statement"; that voluntariness "was the test of admissibility and that the error in the complaint does not operate to give the defendant complete and absolute immunity from his own subsequent and voluntary acts and statements made after full and repeated advice as to his constitutional rights both by the Agent and the Commissioner."

■■ The information on which the complaint was made and the arrest warrant issued was reliable and undoubtedly constituted an adequate showing of probable cause for the issuance of the warrant. It was nonetheless reliable because based upon an oral statement by the victim, and the warrant was not rendered invalid simply because the complaint therefor recited that the statement was

---

1. The statement recites the following: "I, James Charlie Nez, do hereby make the following free and voluntary statement to Jerome E. Van Lancker, who has identified himself to me as a Special Agent of the Federal Bureau of Investigation. I was advised that I have the right to obtain the services of a lawyer. I know that I can talk to a—pardon me—a lawyer or to anyone else before making any statement at all. I know that I do not have to make any statement, but that if I do (make one) it can be used against me in a Court of Law. I also know that if I do not have the—the money for a lawyer, the judge will get one for me. No threats, promises or force was used to make me give the following statement:"

written rather than oral. This is not a case of arrest and seizure pursuant to a warrant issued without an adequate showing of probable cause as in Giordenello v. United States, 357 U.S. 480, 78 S. Ct. 1245, 2 L.Ed.2d 1503; nor a search and interrogation pursuant to a warrantless arrest without probable cause as in Wong Sun v. United States, 371 U.S. 471, 83 S.Ct. 407, 9 L.Ed.2d 441; nor is it like Aguilar v. State of Texas, 378 U.S. 108, 84 S.Ct. 1509, 12 L.Ed.2d 723.

■■ There was no unreasonable delay in keeping appellant in custody overnight in Farmington while waiting for the return of the Commissioner. There is nothing in Rule 5(a) F.R.Crim.P. or its decisional progenitors which would require the Agent to transport the arrested appellant 200 miles after 5:00 p. m. rather than wait until the arrival of a nearby Commissioner the next morning. The command in 5(a) to arraign " 'without unnecessary delay' * * * does not call for mechanical or automatic obedience". Mallory v. United States, 354 U.S. 449, 77 S.Ct. 1356, 1 L.Ed.2d 1479. As Judge Hickey said the other day, "Rule 5(a) is meant to prevent unnecessary delay during which time arresting officers may seek to elicit confessions, or marshal evidence for presentation." Gregory v. United States of America, June Term 1966, 10 Cir., 364 F.2d 210.

The confession in our case came after arraignment without unnecessary delay, and being voluntarily made, it was admissible.

The judgment is affirmed.