Salbador **MORALES–GOMEZ**, Appellant,

v.

**UNITED STATES** of America,
Appellee.

No. 9010.

United States Court of Appeals
Tenth Circuit.

Jan. 4, 1967.

Lynn D. Smith, Jr., Albuquerque, N. M., for appellant.

Lewis O. Campbell, Albuquerque, N. M. (John Quinn, U. S. Atty., and John A. Babington, Asst. U. S. Atty., Albuquerque, N. M., on brief), for appellee.

Before LEWIS, ALDRICH * and HICKEY, Circuit Judges.

* Chief Judge of the First Circuit, sitting by designation.

HICKEY, Circuit Judge.

The appellant was convicted by a jury of violating the Dyer Act (18 U.S.C. § 2312).

At the time of his arrest by city patrolmen, appellant, a Mexican national, was found sleeping in a car which had been stolen out of state. Upon interrogation, the officers determined he did not have a driver's license, or a registration for the car and had no visible means of support.

Appellant was booked for car theft and vagrancy. This occurred late in the evening of March 6, 1966. During the afternoon of March 7, 1966 he was interrogated by the F.B.I. and a city policeman, and admitted the theft and interstate transportation of the vehicle. The city policeman, who acted as interpreter, and the F.B.I. agent testified appellant was warned of his rights as an accused before each of the above transactions.

On March 8, 1966 the agent filed a complaint and took the accused before a commissioner. Accused was again advised of his rights which he waived in writing.

Upon the return to the city jail after arraignment, the agent, with the policeman who acted as interpreter, obtained a written statement. This document recited and acknowledged that it was made voluntarily after a complete explanation of the accused's constitutional rights. Accused was subsequently indicted by a grand jury and at time of arraignment asked that counsel be appointed for him. The court granted the request and accused entered a plea of not guilty. He was convicted by a jury and the statement was introduced in evidence.

On appeal the accused complains: (1) that he was not taken before a commissioner "without unnecessary delay." (Rule 5, F.R.Crim.P.); (2) that the admission of the statement into evidence

was error because it was not voluntary in that the accused was coerced, did not understand his rights, and did not have counsel at the time the statement was made.

An examination of the complete record indicates an understanding on the part of the accused of all his rights that have correlative duties on the part of society, however, he disclaims any understanding of his obligations to society that are correlative to his individual rights.

The delay complained of under Rule 5, F.R.Crim.P. was determined not unreasonable by the trial court. This determination is adequately supported by the facts and the law heretofore announced by this court. Butterwood v. United States, 365 F.2d 380 (10 Cir. 1966); Gregory v. United States, 364 F.2d 210 (10 Cir. 1966); Swift v. United States, 314 F.2d 860 (10 Cir. 1963).

The trial court determined out of the presence of the jury that the statement was voluntary, and then submitted the same question to the jury with a proper instruction. The jury determined the statement voluntary. These determinations were in accord with the test of voluntariness reiterated by this court in Hollingsworth v. United States, 321 F.2d 342, 351 (10 Cir. 1963).

We can find no facts in the record which would support a claim, * * * that the interpreter did not fairly interpret the testimony contained in the statement.

The rule that alleged errors in the conduct of the trial will not be reviewed unless the facts connected therewith appear in the record applies to assignment of error based on [the claim] * * * "that the interpreter did not fairly interpret the testimony." 24A C.J.S. Criminal Law § 1788, at 373.

Affirmed.