**Robert Emanuel SCIBERRAS, Appellant,**

v.

**UNITED STATES of America,**
Appellee (two cases).

**Nos. 9335, 9336.**

United States Court of Appeals
Tenth Circuit.

July 6, 1967.

---

Robert C. McCain, Denver, Colo. (W. Robert Awenius, Lakewood, Colo., with him on brief), for appellant.

Leroy V. Amen, Asst. U. S. Atty., Cheyenne, Wyo. (Robert N. Chaffin, U. S., Atty., Cheyenne, Wyo., with him on brief), for appellee.

Before LEWIS, HILL and HICKEY, Circuit Judges.

HICKEY, Circuit Judge.

In Case No. 9336 the accused, appellant herein, was convicted by a jury in the United States District Court for the District of Wyoming for the interstate transportation of a stolen motor vehicle in violation of 18 U.S.C. § 2312. In Case No. 9335 appellant was charged with the possession of a Selective Service Registration Certificate, not duly issued to appellant, and with the intention that it be used for the purpose of false identification or representation, in violation of 50 App. U.S.C. § 462. When appellant appeared before the court for sentencing in No. 9336 he changed his plea in No. 9335 to guilty and the sentences were imposed to run concurrently.

The burden of the argument on appeal directs itself to a violation of Fed.R.Crim.P. 5(a) wherein it is commanded to arraign "without unnecessary

delay." Appellant was apprehended in Evanston, Wyoming, on the evening of August 24, 1966, under authority of a teletype message received by the Sheriff of Green River, Wyoming, from the State of New York. The defendant was transported from Evanston, Wyoming, to the jail in Green River, Wyoming, for confinement. On the following day, August 25, 1966, two of the four co-defendants were interrogated by an agent of the Federal Bureau of Investigation. On the following day, August 26, 1966, the third co-defendant and appellant were interrogated by the same agent. The next two days, August 27 and 28, were Saturday and Sunday. No interrogations or other activity of any kind is claimed to have taken place on those two days. On Monday morning, August 29, defendant was taken before a Commissioner and arraigned on the charges hereinabove described.

The rule acknowledged in Miranda v. State of Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966) recognizes the rule in McNabb v. United States, 318 U.S. 332, 63 S.Ct. 608, 87 L.Ed. 819 (1943) and Mallory v. United States, 354 U.S. 449, 77 S.Ct. 1356, 1 L.Ed.2d 1479 (1957), wherein the court stated that in view of the adoption by Congress of Federal Criminal Procedure Rule 5(a) requiring commitment "without unnecessary delay" it had little occasion in dealing wih federal police interrogations in the past quarter century to reach the constitutional issues.

This court, speaking through Chief Judge Murrah, recently said, "The command in 5(a) to arraign ' "without unnecessary delay" * * * does not call for mechanical or automatic obedience'. Mallory v. United States, 354 U.S. 449, 77 S.Ct. 1356, 1 L.Ed.2d 1479." Nez v. United States, 365 F.2d 286, 288 (10th Cir. 1966). We have also said that "Rule 5(a) is meant to prevent unnecessary delay during which time arresting officers may seek to elicit confessions, or marshal evidence for presentation." Gregory v. United States of America, 364 F.2d 210, 213 (10th Cir. 1966).

We cannot say that the evidence justifies consideration of the issue in view of the Supreme Court's effectuation of the rule and this court's recognition of the prejudice against which it seeks to protect, or protection of the rights of the individual which it seeks to establish. We, therefore, affirm the trial court in No. 9336.

■ The appellant also argues that his rights were violated in that he was not fully advised of his right to court appointed counsel when he was first placed under arrest. The testimony of State Patrolman Woodward indicates that the only information solicited or received from the appellant prior to his being advised of his constitutional rights was appellant's name. Such general on-the-scene questioning is not within the holding of Miranda. Annot., 10 A.L.R.3rd 1054 (1966).

■ The United States' Exhibit 13 indicates that appellant was subsequently advised of his rights in accordance with Miranda, supra. This exhibit was admitted into evidence without objection on the part of the able trial counsel appointed by the court to defend appellant herein. The cross-examination of the F.B.I. agent by the trial counsel concerning the waiver of rights by the other defendants clearly indicates that appellant's counsel was familiar with the rule laid down in Miranda. Appellant's counsel did not make a similar inquiry into appellant's waiver of his rights nor into the statement given by the appellant to the F.B.I. agent. The agent's reiteration on direct examination of appellant's statement was not objected to by trial counsel, and no reason for objection to the agent's testimony on this matter apparently existed for the appellant's statement was not an admission against interest involuntarily made, but was an exculpatory statement corroborated in part, at least, by the testimony of the other defendants. Thus, no question of voluntariness arose.

■ It is clearly evident from the transcript contained in the record that

the change of plea by entering a plea of guilty was voluntary. The court, having interrogated the accused and his counsel with regard to the desire to change his plea and enter a plea of guilty, consented to the withdrawal and accepted the plea in open court by defendant and thereafter sentenced him concurrently in Nos. 9336 and 9335. This voluntary plea of guilty waived any subsequent attack in this case. Engling v. Crouse, 357 F.2d 267 (10th Cir. 1966); United States v. Doyle, 348 F.2d 715 (2nd Cir. 1965). We, therefore, affirm the decision of the trial court in No. 9335.

Affirmed.