Elmer C. DAVIS, Appellant,

v.

UNITED STATES of America, Appellee.

No. 8–68.

United States Court of Appeals Tenth Circuit.

Aug. 13, 1969.

Rehearing En Banc Denied Oct. 2, 1969.

Tom W. Lamm, Denver, Colo., for appellant.

Guy L. Goodwin, Wichita, Kan., (Benjamin E. Franklin, U. S. Atty., with him on brief), for appellee.

Before MURRAH, Chief Judge, and LEWIS and HILL, Circuit Judges.

PER CURIAM.

Upon jury trial Defendant Elmer C. Davis was found guilty on eight counts of passing, uttering, and publishing forged postal money orders in violation of 18 U.S.C. § 500. His asserted errors are without merit and we affirm.

■ Davis first asserts that he was unreasonably detained for approximately thirty-seven hours after his arrest before being taken to a United States Commissioner in violation of Rule 5(a), Fed.R. Crim.P. He does not challenge the admissibility of any evidence obtained as a result of the delay, as in the usual case, but claims resulting prejudice because the delay allegedly prevented him from apprehending the man who he claims forged the postal orders, which he says would have absolved him of all guilt.

The facts show that Davis was arrested by two postal inspectors about 7:00 p. m. Saturday, July 8, 1967. One inspector testified that he attempted to contact the Commissioner at his home that night, but he was out of town and unavailable until Monday morning. Davis was taken before the Commissioner Monday morning without having made any inculpatory statements.

As we well know, Rule 5(a) requires that an arrested person be taken before the nearest available commissioner or committing magistrate "without unnecessary delay". Our threshold issue then is whether a delay of thirty-seven hours was an unnecessary delay, as determined on the facts of this case. See Thomas v. United States, 394 F.2d 247 (10th Cir. 1968); Butterwood v. United States, 365 F.2d 380 (10th Cir. 1966); Walton v. United States, 334 F.2d 343 (10th Cir. 1964). We do not believe that a thirty-seven hour delay pending the availability of a commissioner was an unnecessary delay within the meaning of Rule 5(a). See Sablowski v. United States, 403 F.2d 347 (10th Cir. 1968); Sciberras v. United States, 380 F.2d 732 (10th Cir. 1967); Morales-Gomez v. United States, 371 F.2d 432 (10th Cir. 1967); Nez v. United States, 365 F.2d 286 (10th Cir. 1966); Gregory v. United States, 364 F.2d 210 (10th Cir. 1966).

■ The second asserted error is that Davis was not furnished counsel upon demand after he was arrested and at the arraignment where he waived extradition, resulting in prejudice because he may have lost available defenses, friendly witnesses, and a valuable opportunity to apprehend the true culprit. Without

reciting Davis' somewhat incredible version of how he was denied counsel, we find substantial evidence in the record to support the trial court's finding to the effect that Davis specifically advised the appropriate authorities that he had retained and consulted with his own counsel; that when, at the Commissioner's hearing, it became apparent that Davis did not have counsel, he was fully advised of his rights by the Commissioner and voluntarily waived the right to counsel at that hearing; and that without having made any inculpatory statements whatsoever, he was transferred under Rule 20 to the District of Kansas where on trial he was represented by appointed counsel.

The final asserted error is that Davis was unwillingly photographed by the police in incriminating postures and that the admission of these pictures into evidence violated his fifth amendment rights against self-incrimination. The record clearly shows, however, that no such pictures were admitted into evidence. The only pictures at trial were those taken by the stores at the actual time Davis cashed the money orders.

Affirmed.