STATE of Minnesota, Respondent,

v.

J. C. BRADLEY, Appellant.

No. 47594.

Supreme Court of Minnesota.

March 3, 1978.

Stewart R. Perry, Minneapolis, for appellant.

Warren Spannaus, Atty. Gen., St. Paul, Gary W. Flakne, County Atty., Vernon E. Bergstrom, Chief, Appellate Div., David W. Larson, Phebe S. Haugen and Lee W. Barry, Asst. County Attys., Minneapolis, for respondent.

KELLY, Justice.

Defendant was found guilty by the district court, acting as trier of fact, of a charge of unlawful possession of a pistol by a felon, Minn.St. 624.713, subd. 1(b), and was sentenced to a limited maximum term of 1 year and 1 day in prison. On this appeal from judgment of conviction defendant contends (1) that the gun he was charged with possessing should have been suppressed because it was the product of an unlawful search, and (2) that his admission to the police that the gun was his should have been suppressed or the case dismissed for lack of jurisdiction because the state violated Rule 4.02, subd. 5(1), Rules of Criminal Procedure, which requires that a suspect be taken before a magistrate with-

out unnecessary delay and in any event not more than 36 hours after the arrest. We affirm.

■ 1. While investigating an aggravated robbery which occurred at about 12:45 a. m. on Saturday, May 15, 1976, the police developed probable cause to believe that defendant had committed the robbery. Within a half hour after the robbery the police traced defendant to an apartment building at which he was believed to be staying. They did not find defendant's name on the mailbox but within a short time observed him when he opened the door to an apartment to let a friend out. The police immediately drew their guns and arrested defendant, at which point the woman with whom defendant was residing emerged from a bedroom. The police asked her where the gun was and she responded that it might be in the bedroom because that is where defendant had been. The police then entered the bedroom, observed an empty holster in plain sight and, after learning that the gun might be in the closet, opened the closet door, observed the gun in plain sight, and seized it.

The district court, in denying a motion to suppress the gun in the ensuing prosecution for unlawful possession of a gun,[1] ruled that exigent circumstances justified the search for the gun because there was an immediate danger that the gun would be disposed of by the woman, whom they could not arrest, if they delayed searching for it until after they obtained a search warrant. We agree with the district court's reasoning. See, in support of this reasoning, our most recent decision in *State v. Mollberg*, Minn., 246 N.W.2d 463 (1976), where we upheld a warrantless search of a dwelling for drugs in a situation where there was a threatened danger of disposal of the drugs, by a third person on the premises who could not be arrested, if the police had gone to obtain a warrant authorizing a search for the drugs. In addition to the authorities cited in *Mollberg*—among them, *Johnson v.*

*United States*, 333 U.S. 10, 68 S.Ct. 367, 92 L.Ed.2d 436 (1948)—see A.L.I., Model Code of Pre-Arraignment Procedures (Tent. Draft, 1975) § SS 230.5, which also supports this reasoning.

■ 2. The second issue relates to the fact that although defendant was arrested at about 1:30 a. m. on a Saturday, he was not taken before a magistrate and charged until about 4:15 p. m. on the following Monday afternoon, over 60 hours after his arrest. Defendant contends that this delay constituted a violation of Rule 4.02, subd. 5(1), requiring that a suspect be taken before a magistrate "without unnecessary delay, and in any event, not more than 36 hours after the arrest * * * ."

At the time in question Rule 4.02, subd. 5(1), specified only that Sundays and legal holidays were to be excluded in computing time under the rule, and said nothing about the day of arrest being excluded. However, Rule 34.01, the general rule dealing with computation of time under the rules, did not exclude Rule 4.02, subd. 5(1), from its application and provided specifically that "The day of the act or event from which the designated period of time begins to run shall not be included." Since language in a draft version of Rule 34.01 which excluded Rule 4.02, subd. 5(1), from its operation was dropped from the final version adopted, we can only conclude that the intent was that Rule 34.01 apply and that the day of arrest was not to be included in computing time under the 36-hour rule.

We noted recently in *State v. Larson*, Minn., 254 N.W.2d 380 (1977), that the relevant rules for computation of time have been amended, effective July 1, 1977. Rule 34.01 now contains a provision excluding Rule 4.02, subd. 5(1), from its operation, with Rule 4.02, subd. 5(1), containing a specific clause making it clear that the day of arrest should not be included in computing the 36 hours.

1. Defendant was never prosecuted for aggravated robbery, apparently because the victim refused to cooperate.

Excluding Sunday and the day of arrest, Saturday, we find that in this case the 36-hour period had not run before defendant was taken before a magistrate. While defendant still could contend that there was unnecessary delay in taking him before a magistrate, there is no evidence of that and we therefore conclude that the district court appropriately held that the rule was not violated.

Affirmed.