Chavez Paul VALADEZ, Appellee,

v.

CITY OF DES MOINES, Iowa, Dean Emary, Richard Schaffer, John Meeker and Lonnie Spanswick, Appellants.

No. 67174.

Supreme Court of Iowa.

Sept. 29, 1982.

Loren J. Braud, Thomas J. McSweeney, Asst. City Attys., Des Moines, for appellants.

John F. Sprole, Des Moines, for appellee.

Considered by REYNOLDSON, C. J., and LeGRAND, UHLENHOPP, McGIVERIN and CARTER, JJ.

McGIVERIN, Justice.

This case involves the single issue of the propriety of trial court's denial of defendants' motion for judgment notwithstanding the verdict after the jury returned a verdict in favor of plaintiff for $300 actual damages and $3500 punitive damages in a false imprisonment action. We find the court erred in overruling the motion and therefore reverse its order and remand for entry of judgment for defendants.

The events giving rise to this action began with the warrantless arrest of plaintiff Chavez Paul Valadez by officers of the Des Moines police department on August 25, 1978. He was arrested at 9:00 p. m. for striking an unattended motor vehicle and assault on a police officer. He was taken to the Des Moines city jail and booked at approximately 9:40 p. m. Valadez claimed to be suffering from stomach pains and was taken to Broadlawns Hospital at 11:10 p. m. He was returned to the jail at 1:30 a. m. on August 26. Plaintiff's father and wife posted bond at 7:00 a. m. on August 26 and Valadez was released within a few minutes. He subsequently pled guilty to striking an unattended motor vehicle and was fined.

Valadez became incensed by the treatment he allegedly had received in connection with his arrest, detention and release. Accordingly, he filed a petition in district court which alleged the following causes of action against defendants, the City of Des Moines and several of its police officers: 1) assault and battery; 2) false arrest; 3) false imprisonment; 4) negligence of the City in training and supervising its police officers; and 5) infringement of civil rights in violation of 42 U.S.C. §§ 1983 and 1985. After trial, the jury returned a verdict in favor of defendants on all causes of action except for false imprisonment.[1] Plaintiff was awarded $300 in actual damages and

---

1. At the close of plaintiff's evidence, trial court directed a verdict for the City on the 42 U.S.C. §§ 1983 and 1985 cause of action.

$3,500 in punitive damages for false imprisonment.

During trial, the court had overruled defendants' timely motion for directed verdict and objections to instructions submitting the false imprisonment claim to the jury. The court overruled defendants' motion for new trial and judgment notwithstanding the verdict which incorporated the reasons for the prior motion and objections. Defendants appeal, asserting the court erred in submitting the false imprisonment claim and in overruling the motion for judgment notwithstanding the verdict. More specifically, defendants contend Valadez has not shown by substantial evidence that he was unlawfully detained after his arrest and therefore has no valid claim. Plaintiff has not cross-appealed.

■ I. *False Imprisonment Elements.* "False imprisonment is the unlawful restraint of an individual's personal liberty or freedom of locomotion." *Sergeant v. Watson Bros. Transportation Co.,* 244 Iowa 185, 196, 52 N.W.2d· 86, 92 (1952); *see Fox v. McCurnin,* 205 Iowa 752, 757, 218 N.W. 499, 501 (1928); Restatement (Second) of Torts § 35 (1965); 32 Am.Jur.2d *False Imprisonment* § 1 at 58 (1982). The two essential elements of the action are: "(1) detention or restraint against one's will and (2) the unlawfulness of such detention or restraint." *Sergeant,* 244 Iowa at 196, 52 N.W.2d at 93; 32 Am.Jur.2d *False Imprisonment* § 5 at 62 (1982).

■ An action for false imprisonment lies for an unreasonable delay in taking the person arrested before a magistrate. *E.g., Andersen v. Spencer,* 229 Iowa 595, 596–97, 294 N.W. 904, 905 (1940); *Norton v. Mathers,* 222 Iowa 1170, 1176–78, 271 N.W. 321, 325 (1937); Annot., 98 A.L.R.2d 966, 971 (1964); 32 Am.Jur.2d *False Imprisonment* § 25 at 78–79 (1982); 35 C.J.S. *False Imprisonment* § 30 at 675–76 (1960).

■ The action for false imprisonment also may be brought for an unreasonable delay in giving an arrestee the opportunity to post bond.[2] Annot., 98 A.L.R.2d at 1031; 32 Am.Jur.2d *False Imprisonment* § 30 at 87–88 (1982); *see Andersen,* 229 Iowa at 598, 294 N.W. at 905; *Rosenberg v. Bax,* 258 S.W.2d 458, 459 (Ky.1953).

II. *Review of Motion for Judgment Notwithstanding the Verdict.* After the jury rendered its verdict in favor of plaintiff on the false imprisonment claim, defendants moved for judgment notwithstanding the verdict. Iowa R.Civ.P. ·243. Rule 243 provides, in part:

Any party may, on motion, have judgment in his favor despite an adverse verdict, or the jury's failure to return any verdict: * * * (b) If the movant was entitled to have a verdict directed for him at the close of all the ·evidence, and moved therefor, and the jury did not return such a verdict, the court may then either grant a new trial or enter judgment as though it had directed a verdict for the movant.

Our comments in *Watson v. Lewis,* 272 N.W.2d 459, 461 (Iowa 1978), apply with equal force to ·the present case:

A motion for judgment notwithstanding the verdict under Rule of Civil Procedure 243 must stand on grounds raised in the directed verdict motion. *Dutcher v. Lewis,* 221 N.W.2d 755, 760 (Iowa 1974); and on appeal from such judgment, review by an appellate court is limited to those grounds raised in the directed verdict motion. *Meeker v. City of Clinton,* 259 N.W.2d 822, 828 (Iowa 1977). When considering a motion for judgment notwithstanding the verdict, the court must view the evidence in the light most favorable to the party against whom the motion is directed, in this case, the plaintiff. *Winter v. Honeggers' & Co.,* 215 N.W.2d 316, 321 (Iowa 1974).

■ If, under this view of the evidence, there is substantial evidence in support of each element of plaintiff's claim, the motion for directed verdict or for judgment not-

**2.** No jury instruction allowing a finding of false imprisonment based on the delay in opportunity to post bond was given. We are, therefore, limited on appeal to consideration only of the delay in presentment of Valadez to the magistrate as a ground for false imprisonment.

withstanding the verdict should be denied. *Wernimont v. State,* 312 N.W.2d 568, 570 (Iowa 1981); *Larsen v. United Federal Savings and Loan Association,* 300 N.W.2d 281, 283 (Iowa 1981) ("If reasonable minds could differ on the issue it was properly submitted to the jury."); *Poulsen v. Russell,* 300 N.W.2d 289, 296 (Iowa 1981) ("In ruling on [a] motion for directed verdict or to withdraw [an] issue from the jury ... trial court first determines whether the plaintiff has presented substantial evidence on each element of the claim to determine if a reasonable trier of fact could find for the plaintiff"). Conversely, if there is no substantial evidence in support of each element of plaintiff's claim, a directed verdict or judgment notwithstanding the verdict in defendants' favor is appropriate.

■ III. *Lawfulness of Detention.* We find that although there was substantial evidence supporting the first element of plaintiff's false imprisonment claim, "detention or restraint against one's will," there was no substantial evidence in support of the second element, "the unlawfulness of such detention or restraint." *Sergeant,* 244 Iowa at 196, 52 N.W.2d at 93. Thus it was error for trial court to submit the false imprisonment issue to the jury, *Poulsen,* 300 N.W.2d at 297, and defendants' motion for judgment notwithstanding the verdict, like their motion for directed verdict, should have been sustained.

There was no evidence adduced at trial that the detention of Valadez was in any way unlawful. Section 804.22, The Code, provides in part: "When an arrest is made without a warrant, the person arrested shall, without unnecessary delay, be taken before the nearest or most accessible magistrate in the judicial district in which such arrest was made ...."[3] Similarly, Iowa

R.Crim.P. 2(1) provides in part: "An officer making an arrest with or without a warrant shall take the arrested person without unnecessary delay before a committing magistrate as provided by law." Iowa R.Crim.P. 1(2)(c) provides: " 'Unnecessary delay' is any unexcused delay longer than twenty-four hours, and consists of a shorter period whenever a magistrate is accessible and available."

■ Defendants premised their motion for directed verdict at the close of all the evidence on the fact that they had complied with section 804.22 and that the delay in releasing Valadez was neither unreasonable nor unnecessary. The record shows that Valadez was released at 7:10 a. m. on August 26 after his relatives posted his bail based on a bonding schedule under police department regulations.[4] The evidence was uncontroverted that the magistrate was not available for rule 2 initial appearances until 7:30 a. m. at the earliest. Plaintiff presented no evidence that a magistrate was "accessible and available" at an earlier time. We hold that plaintiff was required to present substantial evidence that a magistrate was accessible and available at the time of the alleged false imprisonment to make a prima facie case for the jury on the second element of false imprisonment. *Rounds v. Bucher,* 137 Mont. 39, 43, 349 P.2d 1026, 1028 (1960).

■ Even if Valadez had been held for the additional twenty minutes and then presented to a magistrate who became "available" and "accessible" at 7:30 a. m., his detention would not have been unlawful. The delay would not have been "unnecessary" as defined in rule 1(2)(c), because a magistrate was not "available" until 7:30 a. m. In other words, when a

3. Similar in effect to section 804.22 are Fed.R. Crim.P. 5(a) ("take the arrested person without unnecessary delay before the nearest available federal magistrate or, in the event that a federal magistrate is not reasonably available, before a state or local judicial officer authorized by 18 U.S.C. § 3041") and ABA Standards, Pretrial Release § 4.1 (1968) ("Except where he is released on citation or in some other lawful

manner, every arrested person should be taken before a judicial officer without unnecessary delay.").

4. Under this record we are not obliged to pass on the legality of the City's bonding schedule established under the police department regulations. Accordingly, we reserve that question for future consideration.

magistrate is not present for initial appearances, as is often the case during the late hours of an evening or the early-morning hours, he is not available as defined in rule 1(2)(c). Therefore, there is no unnecessary delay in waiting for the magistrate to preside over initial appearances until his regular courtroom hours, subject to the twenty-four hour maximum of rule 1(2)(c). Since there was no unnecessary delay in the present case, there was no unlawful detention and defendants' motion for judgment notwithstanding the verdict should have been granted.

A. *Similar rule in other jurisdictions.* Our interpretation of section 804.22 and Iowa R.Crim.P. 1 and 2 is supported by decisions in other jurisdictions. In *United States v. Boyer,* 574 F.2d 951, 952 (8th Cir.), *cert. denied,* 439 U.S. 967, 99 S.Ct. 457, 58 L.Ed.2d 426 (1978), defendant was arrested on May 23, 1977, at 3:00 p. m. and taken to the St. Louis police department central headquarters at 3:30 p. m. Various administrative procedures followed and at 4:30 p. m. an interview by F.B.I. agents commenced. *Id.* at 952. The interview ended at approximately 5:45 p. m. *Id.* Defendant was taken before a United States Magistrate on May 24 at 11:30 a. m., some twenty hours after arrest. *Id.* at 953. The United States Court of Appeals for the Eighth Circuit found that the delay was not unnecessary and that Fed.R.Crim.P. 5(a) had been complied with. *Id.* at 955. The court reasoned: "The processing of Boyer at the police station continued for a reasonable period of time until it was too late to secure the services of a magistrate for an arraignment late in the afternoon." *Id.* at 955, n.10. Thus, the court reasoned, as we have in the present case, that there was no "unnecessary delay" in presentment caused by waiting for the regular business hours of the magistrate. *See also, United States v. Jensen,* 561 F.2d 1297, 1298–99 (8th Cir. 1977) (no unreasonable delay in presentment where defendants arrested on July 28 at 1:50 p. m. and taken before magistrate for initial appearance on July 30); *United States v. Standing Soldier,* 538 F.2d 196, 199–201 & n.6 (8th Cir.), *cert. denied,* 429

U.S. 1025, 97 S.Ct. 646, 50 L.Ed.2d 627 (1976) (no unnecessary delay in presentment where defendant arrested on March 26 and presented on April 4; FBI agents had been stranded by blizzard in motel for three days); *Wakaksan v. United States,* 367 F.2d 639, 644 n.7 (8th Cir. 1966), *cert. denied,* 386 U.S. 994, 87 S.Ct. 1312, 18 L.Ed.2d 341 (1967) ("We note in passing that the [Indian] tribal judge worked only on Mondays and Fridays. The appellant was arrested on Tuesday, March 2, and brought before the tribal judge on Friday, March 5. The delay was not to furnish an opportunity for further interrogations or to elicit any damaging statements and none was elicited. We do not think that under the circumstances the delay was shown to have any hint of illegality").

In *Davis v. United States,* 416 F.2d 960, 961 (10th Cir. 1969), *cert. denied,* 397 U.S. 969, 90 S.Ct. 1009, 25 L.Ed.2d 262 (1970), defendant was arrested at 7:00 p. m. on Saturday, July 8. Due to the fact that the United States Commissioner was out of town and unavailable, defendant was not presented to the commissioner until Monday morning. *Id.* at 961. the court said: "We do not believe that a thirty-seven hour delay pending the availability of a commissioner was an unnecessary delay within the meaning of Rule 5(a). *Id.*

Similarly, in *United States v. Frazier,* 385 F.2d 901, 903 (6th Cir. 1967), defendant was arrested in the early morning hours on March 3, 1964. Defendant was interrogated at 7:30 a. m. and 8:30 a. m. and presented to the United States Commissioner at 11:00 a. m. *Id.* at 903. The court did not find an unnecessary delay: "We cannot say, in the absence of proof of the availability of a commissioner, that the detention of appellant between the hours of approximately 3:00 a. m. and 8:30 a. m. was unreasonable." *Id.* at 904.

In *United States v. Taylor,* 374 F.2d 753, 755 (7th Cir. 1967), defendant was arrested at 2:30 a. m., taken into federal custody at 5:00 p. m., interrogated until 7:30 p. m. and taken for presentment to the United States Commissioner the following day. The court

found that the commissioner, "whose office hours in the Northern District of Illinois are from 10:00 a. m. to 4:30 p. m., was not available" for presentment when defendant was taken into federal custody. *Id.* at 757. The court found that "the unavailability of a Commissioner until the next morning may explain the necessity for delay, and failure to make presentment for that reason does not violate Rule 5(a)." *Id.*

In *Logan v. State,* 264 Ark. 920, 921–23, 576 S.W.2d 203, 204–05 (1979), defendant was arrested on Sunday at 3:00 a. m. and taken before a magistrate for presentment in municipal court on Monday morning. The court found no violation of criminal procedure rule 8.1 which "merely requires that an arrested person be taken before a judicial officer without unnecessary delay." *Id.* at 923, 576 S.W.2d at 205. Similarly, in *Hokr v. State,* 545 S.W.2d 463, 465 (Tex.Cr. App.1977), the court said, in regard to a police officer setting bond when a magistrate is unavailable, "a person arrested when a magistrate is unavailable can be detained until the magistrate's normal working hours without violating the statutory requirement of an appearance 'immediately' or 'without unreasonable delay.'" *See also Lively v. Cullinane,* 451 F.Supp. 1000, 1005–06 (D.C.D.C.1978) (in regard to the reasonableness of delays in presentment "the court is uncertain how the [police] coordinate their processing efforts with the hours the court are open for presentment"); *People v. Johnson,* 85 Cal.App.3d 684, 688– 89, 149 Cal.Rptr. 661, 663–64 (1978) (no unnecessary delay where defendant arrested pursuant to warrant at 7:30 a. m. on Thursday, May 19, and presented before magistrate on Monday, May 23; Cal.Penal Code § 825 requires presentment within two days, Saturdays and Sundays excluded; Cal.Const. Art. I, § 4 requires presentment of persons charged with felonies without unnecessary delay). *Cf. People v. Williams,* 68 Cal.App.3d 36, 42–43, 137 Cal.Rptr. 70, 73–74 (1977) (unnecessary delay found where no excuse given for delay in presentment beyond forty-eight hours); *State v. Bradley,* 264 N.W.2d 387, 388 (Minn.1978) (No unnecessary delay where defendant ar-

rested at 1:30 a. m. on Saturday and presented before magistrate at 4:15 p. m. on Monday; Rule 4.02(5)(1) requires suspect to be taken before magistrate without unnecessary delay but in any event not more than 36 hours after arrest; Sunday, legal holidays and day of arrest excluded in computation); *State v. Frye,* 245 N.W.2d 878, 880–82 (N.D.1976) (no "unreasonable delay as would justify a new trial" where defendant arrested on September 30 and presented on October 3; N.D.R.Crim.P. 5(a) requires person arrested to be taken "without unnecessary delay before the nearest available magistrate"; determination of unnecessary delay depends on whether the "delay was utilized to interrogate or obtain damaging statements from the accused"); 8 Am. Jur.2d *Bail and Recognizance* § 29 (1980).

We find that the above line of authority is persuasive support for our interpretation of section 804.22 and Iowa R.Crim.P. 1 and 2.

B. *A contrary view.* There is, however, a second line of statutory and case authority which would provide some support for a different interpretation. This line of authority stresses the 24-hour nature of the court system and does not allow the unavailability of the magistrate due to his retirement for the evening to justify as reasonable a delay in presentment. In *State v. Mason,* 249 S.E.2d 793, 797 (W.Va. 1978), the court succinctly stated this position in its interpretation of W.Va.Code § 62–1–5 (officers "shall take the arrested person without unnecessary delay before a justice of the county in which the arrest is made"):

The creation and implementation of the magistrate court system in this state under the aegis of the Judicial Reorganization Amendment of 1974 has provided access to a judicial officer at all hours of the day or night. Persons arrested late at night, as is often the case, should not be subjected to interrogation throughout the night without presentment to a magistrate. Persons must be taken without unreasonable delay to a magistrate in the county where the arrest was made. The

judicial system must function at all hours of the day and night, or the statutory safeguards designed to guarantee that criminal defendants be fairly treated from the time of arrest to the time of trial will become eviscerated and meaningless.

In *Mason* the court declined to determine whether an approximately 12-hour period from arrest to presentment was an unnecessary delay under prior law and a record devoid of evidence on the availability of a justice of the peace. *Id.* at 796.

Similar results were reached in *Roberts v. Bohac,* 574 F.2d 1232, 1233 (5th Cir. 1978) (damages for false imprisonment affirmed where plaintiff arrested at 9:00 a. m. and presented before a magistrate the following morning; Tex.Rev.Civ.Stat.Ann. Art. 6701(d), §§ 147–48 requires arrested motorist be taken "immediately" before a magistrate); *People v. Heintze,* 614 P.2d 367, 370–71 (Colo.1980) (under Colo.R.Crim.P. 5(a)(1) ("arrested person shall be taken without unnecessary delay before the nearest available county or district judge") a 62-hour delay in presentment without any effort by law-enforcement officers to bring defendant before a judge was an unnecessary delay); *Johnson v. State,* 282 Md. 314, 317–20, 384 A.2d 709, 711–14 (1978) (24 hours and 45 minutes elapsed from time defendant surrendered to police until presentment; violation of M.D.R. 723(a) (requiring presentment "without unnecessary delay and in no event later than the earlier of (1) 24 hours after arrest or" (2) first court session after arrest or filing of charging document); *Shope v. State,* 41 Md. App. 161, 164–65, 396 A.2d 282, 284–85 (1979) (M.D.R. 723.a violated where defendant arrested at 6:45 a. m. and taken before magistrate at 7:00 p. m. where magistrate was "available at the police station 24 hours a day, 7 days a week"); *People v. DeJesus,* 63 A.D.2d 148, 407 N.Y.S.2d 5 (1978), *appeal dismissed,* 48 N.Y.2d 734, 397 N.E.2d 1183, 422 N.Y.S.2d 379 (1979) (unnecessary delay

found where defendant was taken into custody as suspect between 12 noon and 1 p. m., arrested at 1:30 a. m. and presented before magistrate in the morning when the court opened; CPL § 140.20 requires arraignment "without unnecessary·delay, after the arrest"; "[a]lthough the formal arrest here did not take place until after midnight when the court was closed, it must be held that as a matter of law defendant was in custody during all the hours between 1 p. m. on October 4 and the opening of court on October 5 ..." *Id.* 63 A.D.2d at 155, 407 N.Y.S.2d at 9); *cf. Commonwealth v. Morton,* 475 Pa. 374, 379, 380 A.2d 769, 771 (1977) (unnecessary delay found under Pa.R.Crim.P. 118 ("defendant ... shall be taken without unnecessary delay before the proper ... authority") for 9-hour delay presentment; three prong test for rule 118 violation: (1) delay must be unnecessary; (2) evidence that is prejudicial must be obtained; and (3) the incriminating evidence must be reasonably related to the delay).[5]

We find the first line of authority more persuasive than the second under the present factual circumstances. We believe it was incumbent on Valadez to present substantial evidence that a magistrate was "accessible and available." Iowa R.Crim.P. 1(2)(c). Because he did not, his claim must fail. There was no evidence that incriminating evidence was obtained from Valadez as a result of any delay in releasing him from custody.

IV. *Summary.* In summary, we hold that trial court improperly overruled defendants' motion for judgment notwithstanding the verdict. There was no substantial evidence on the second element of plaintiff's false imprisonment claim, "the unlawfulness of such detention or restraint." *Sergeant,* 244 Iowa at 196, 52 N.W.2d at 93. Defendants complied with section 804.22 and Iowa R.Crim.P. 1 and 2. There was no unnecessary delay shown in

5. Since the present action is civil, not criminal, we have no cause to discuss the fourth amendment implications of section 804.22 and Iowa R.Crim.P. 1 and 2. *See generally Gerstein v.*

*Pugh,* 420 U.S. 103, 114, 95 S.Ct. 854, 863, 43 L.Ed.2d 54, 65 (1975); *Lively v. Cullinane,* 451 F.Supp. 1000, 1004–06 (D.C.D.C.1978).

482

presenting Valadez to the magistrate and therefore his detainment was not unlawful. We reverse trial court's ruling on the motion for judgment notwithstanding the verdict and remand for entry of judgment dismissing the false imprisonment division of his petition.

REVERSED AND REMANDED.