# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 00-1493

_____

Manuel Barrera,                            *
                                           *
            Appellant,                     *
                                           *   Appeal from the United States
      v.                                   *   District Court for the
                                           *   Southern District of Iowa.
Con Agra, Inc., (Marshalltown, IA),        *
doing business as Swift & Company;         *
Swift Independent Packing Company;         *
Swift &Company (Marshalltown, Iowa),       *
                                           *
            Appellees.                     *

_____

Submitted:  January 11, 2001

Filed:  March 28, 2001

_____

Before WOLLMAN, Chief Judge, HANSEN, and MURPHY, Circuit Judges.

_____

WOLLMAN, Chief Judge.

Manuel Barrera appeals from the district court's[1] order granting summary judgment to Conagra, Inc., and Swift & Co. (collectively, Swift), on Barrera's common

---

[1]The Honorable Robert W. Pratt, United States District Judge for the Southern District of Iowa.

law claims of retaliatory discharge in violation of public policy, fraudulent misrepresentation, and false arrest and imprisonment.[2] We affirm.

On June 14, 1996, Barrera, a Mexican national who speaks very little English, was fired from his job on the cut floor of Swift's hog processing plant in Marshalltown, Iowa, after allegedly violating a company policy against eating in the employee locker room. Barrera was asked to report to human resources, where Swift alleges that he threatened the lives of several employees. The company contends that Barrera was subsequently fired and, after Swift notified local police, arrested. Although Barrera was charged with first degree harassment, the charge was eventually dismissed.

Barrera contends that he was fired in retaliation for filing a worker's compensation claim related to a slip-and-fall accident that occurred on or about March 22, 1996. He alleges that Swift staged the incident in the locker room as a pretext for his termination and that he was actually fired prior to the time he reported to human resources and before the alleged threats were made. Barrera also denies threatening to kill anyone at Swift, although he concedes that he may have threatened, depending on the translation, to "kick their asses" or "spank their buttocks."

We review a grant of summary judgment de novo, applying the same standard as the district court: whether the record, viewed in a light most favorable to the non-moving party, shows that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law. Rabushka v. Crane Co., 122 F.3d 559, 562 (8th Cir. 1997). Summary judgment is proper if the plaintiff fails to establish any element of his or her prima facie case. Wilking v. County of Ramsey, 153 F. 3d 869, 873 (8th Cir. 1998).

---

[2]Barrera filed the action in Iowa state court, whereupon Swift removed the case to federal court.

Because this is a diversity action, state law governs issues of substantive law. Oriental Trading Co., Inc. v. Firetti, 236 F.3d 938, 944 (8th Cir. 2001). In Iowa, an employer's ability to discharge an employee is limited when the discharge clearly violates the "well-recognized and defined public policy of the state." Springer v. Weeks & Leo Co., 429 N.W.2d 558, 559 (Iowa 1988) (Springer I); see also Springer v. Weeks & Leo Co., 475 N.W.2d 630, 631-33 (Iowa 1991) (Springer II). Discharge in retaliation for filing a worker's compensation claim clearly violates Iowa's public policy. Springer I, 429 N.W.2d at 559. To prevail on a retaliatory discharge claim, Barrera must establish (1) that he engaged in a protected activity; (2) that he suffered an adverse employment action; and (3) that there existed a causal connection between the protected activity and his termination. Teachout v. Forest City Community School District, 584 N.W.2d 296, 299 (Iowa 1998). "The causation standard in a common-law retaliatory discharge case is high," however, and "[t]he employee's engagement in protected conduct must be the determinative factor in the employer's decision to take adverse action against the employee." Id. at 301(emphasis in original).

We agree with the district court's conclusion that Barrera failed to produce evidence sufficient to raise a genuine issue of material fact regarding causation. As the court noted, other than the timing of the discharge, Barrera produced "almost no evidence" that his termination was in any way related to his worker's compensation claim. Under Iowa law, the fact that Barrera was fired after filing a worker's compensation claim is not alone sufficient to prove causation. Hulme v. Barrett, 480 N.W.2d 40, 43 (Iowa 1992) (citation omitted). Iowa law demands, rather, that Barrera produce evidence demonstrating that his worker's compensation claim was the determinative factor in Swift's decision to terminate his employment. Barrera's version of the facts, however, suggests nothing more than rude and callous behavior on Swift's part. Although we proceed with caution on summary judgment motions in the employment context, Hindman v. Transkrit Corp., 145 F.3d 986, 990 (8th Cir. 1997), we conclude that the grant of summary judgment on Barrera's first claim was proper.

Barrera also challenges the district court's grant of summary judgment on his false arrest and imprisonment claim. In Iowa, false arrest is indistinguishable from false imprisonment, Kraft v. Bettendorf, 359 N.W.2d 466, 469 (Iowa 1984), and is defined as "an unlawful restraint on freedom of movement or personal liberty." Valadez v. City of Des Moines, 324 N.W.2d 475, 477 (Iowa 1982). The elements of the tort are (1) detention or restraint against a person's will, and (2) unlawfulness of the detention or restraint. Id. Barrera argues that Swift is liable for false imprisonment because the company was responsible for calling the police and requesting his arrest even though it was aware that criminal charges were unwarranted.

As the district court noted, an action for false imprisonment generally runs against the party doing the actual detention. See e.g. Children v. Burton, 331 N.W.2d 673, 678-82 (Iowa 1983) (applying Iowa law on false imprisonment); Restatement (Second) of Torts § 35 (1965) ("An actor is subject to liability to another for false imprisonment if . . . he acts intending to confine the other or a third person within boundaries fixed by the actor." (emphasis added)). There is no evidence that employees of Swift detained Barrera or attempted to arrest Barrera while awaiting the arrival of the police. Barrera has cited no Iowa case that recognizes the liability of a private citizen or entity for false arrest or false imprisonment where a request for police assistance or investigation results in an arrest. Accordingly, we conclude that Barrera failed to create a genuine issue of material fact related to his claim of false imprisonment.[3]

The judgment is affirmed.

---

[3]It is not entirely clear from his briefs that Barrera is appealing from the grant of summary judgment on his fraudulent misrepresentation claim. In any event, we agree with the district court that that claim is without merit.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.