# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 04-3896

_____

| | | |
|---|---|---|
| Merrill Lynch Life Insurance Company, Inc., | * | |
| | * | |
| | * | |
| Interpleader - Plaintiff. | * | |
| _____ | * | |
| | * | |
| Karen Black, | * | Appeal from the United States |
| | * | District Court for the |
| Claimant - Appellant, | * | District of North Dakota. |
| | * | |
| v. | * | [UNPUBLISHED] |
| | * | |
| Donald Richmond, | * | |
| | * | |
| Claimant - Appellee. | * | |

_____

Submitted: June 24, 2005
Filed: July 20, 2005 (Corrected July 25, 2005)

_____

Before RILEY, BRIGHT, and JOHN R. GIBSON, Circuit Judges.

_____

PER CURIAM.

In this interpleader action by the stakeholder, Merrill Lynch Life Insurance Company ("Merrill Lynch"), two adverse parties claim the proceeds of a $200,000 single premium life insurance policy (now worth about $501,000) obtained in September 1986 by Lois Richmond ("Lois"). Lois died on March 5, 2003 at age 88.

Donald Richmond ("Richmond"), who lived with the decedent as her husband for over twenty years, claimed the policy as the named beneficiary. Lois' daughter, Karen Black ("Black"), asserted fraud relating to the policy on the basis that Lois entered in a marriage with Richmond believing it was valid, when Richmond, in fact, was still married to another woman. In addition, Black asserted that Richmond falsely represented that he had been divorced, and that he induced Lois to marry him in order to be named beneficiary of her later-acquired life insurance policy. Black claimed further that her mother never would have lived with a man unless they were married. The district court[1] granted summary judgment and awarded the policy proceeds to Richmond. Black appeals. We affirm.

In 1982, Lois, Black's mother, apparently married Richmond in Mexico. In 1986, Lois purchased a life insurance policy from a subsidiary of Merrill Lynch and, at that time, named Richmond the beneficiary, which Lois could do whether or not the marriage was valid.

In March 2003, Richmond notified Merrill Lynch of Lois' death. Shortly thereafter Merrill Lynch advised Richmond that Black had contacted the company alleging that her mother's marriage to Richmond was fraudulent and void. Black claimed that the insurance proceeds should be paid to her rather than to the named beneficiary, Donald Richmond. The beneficiary had never been changed since the purchase of the policy, about seventeen years earlier.

Merrill Lynch filed an interpleader action in November 2003 to determine the person entitled to the proceeds of Lois' policy. The policy's proceeds were deposited with the court. With its deposit, Merrill Lynch obtained a dismissal from the district court.

---

[1]The Honorable Daniel L. Hovland, Chief Judge, United States District Court for the District of North Dakota.

Black alleged in her answer to the interpleader complaint that her mother's marriage to Richmond was induced by fraud as Richmond and his wife, Henrietta Richmond ("Henrietta"), were never divorced.[2] Black alleged that Richmond, through the invalid marriage which Lois thought was valid, fraudulently induced Lois to name Richmond as the beneficiary of the policy.

Richmond initially filed a motion for summary judgment, which the district court denied. After additional discovery, the district court granted Richmond summary judgment entitling him to the policy proceeds.

We review a grant of summary judgment de novo, applying the same standards as the district court: whether the record, viewed in the light most favorable to the non-moving party, shows that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law. Barrera v. Con Agra, Inc., 244 F.3d 663, 665 (8th Cir. 2001).

On appeal, Black argues the district court erred in granting Richmond summary judgment because there exist genuine issues of fact relating to fraud by Richmond, and the naming of Richmond as beneficiary of the policy.

After carefully reviewing the record, we determine that the district court correctly decided that no genuine issues of material fact exist for trial. Black's complaint alleged that Richmond fraudulently induced her mother, Lois, to marry him, and that Lois would not have named Richmond as beneficiary had she known the marriage was invalid. The district court correctly determined that no evidence existed that Richmond falsely represented that he and Henrietta were divorced, or that Lois, through Richmond's false representation, was induced to live with Richmond

[2]Henrietta is still alive but because of age and illness is mentally incompetent to testify.

-3-

as his wife, at a time before the policy was issued.  With or without a legal marriage, Lois could name Richmond, with whom she lived as though he was her husband, as beneficiary of the policy.  Fraud cannot be a matter of surmise or speculation.

We conclude the district court properly granted summary judgment on the record made in this case.  Accordingly, we affirm.[3]

_____

[3]As we have noted, at her death Lois was almost 89 years old and Richmond was approximately 85 years old.  Richmond was named beneficiary on the policy approximately 17 years earlier and no change was ever made.  The failure to change the beneficiary may mean that the bulk of the policy proceeds could remain in Richmond's estate upon his death.  A single premium life insurance policy functions in many ways as an attractive investment permitting the interest earned on the original deposit, if not withdrawn, to increase the value of the investment without income tax consequences.  Lois' last will dated November 8, 2001named Black as the special recipient of "savings and investment accounts of any nature."  Black made no claim in this case that such a provision applied to the funds here in question.