# United States Court of Appeals
## For the Eighth Circuit

———————————————

No. 11-3122

———————————————

Hedayat Khaldar Saghir

*Plaintiff - Appellant*

v.

Schenker Logistics, Inc.

*Defendant - Appellee*

—————————

Appeal from United States District Court
for the Southern District of Iowa - Des Moines

—————————

Submitted: July 18, 2012
Filed: April 16, 2013
[Unpublished]

—————————

Before WOLLMAN, MELLOY, and SMITH , Circuit Judges.

—————————

PER CURIAM.

Hedayat Khaldar Saghir appeals the district court's[1] adverse grant of summary judgment in his action against his former employer, Schenker Logistics, Inc. (Schenker). In October 2009, Saghir filed an action against Schenker in Iowa state

---

[1]The Honorable John A. Jarvey, United States District Judge for the Southern District of Iowa.

court, asserting the following claims: (1) disability discrimination under the Americans with Disabilities Act (ADA), (2) wrongful discharge, and (3) violation of his right to workers' compensation. Schenker subsequently removed the case to federal district court. Saghir filed an amended complaint on November 12, 2010, changing his third claim to a gross-negligence claim and adding a fourth claim, which alleged that Schenker violated certain notice requirements under the Consolidated Omnibus Budget Reconciliation Act (COBRA). Schenker filed a motion for summary judgment on all of Saghir's claims, and Saghir opposed the motion as to all counts except his ADA claim. The district court granted the motion on all counts. Saghir now appeals the grant of summary judgment.

Upon careful review of the record and the parties' arguments below and on appeal, we affirm. First, regarding Saghir's ADA claim, Saghir did not oppose this basis for summary judgment at the district court level, and therefore the argument was waived. See Satcher v. Univ. of Ark. at Pine Bluff Bd. of Trs., 558 F.3d 731, 734–35 (8th Cir. 2009) ("[F]ailure to oppose a basis for summary judgment constitutes waiver of that argument [on appeal].").

Next, the district court properly held that Saghir failed to establish a genuine issue of material fact on his wrongful-discharge claim. Under Iowa law, the elements for a wrongful-discharge claim are:

> (1) existence of a clearly defined public policy that protects employee activity; (2) the public policy would be jeopardized by the discharge from employment; (3) the employee engaged in the protected activity, and this conduct was the reason for the employee's discharge; and (4) there was no overriding business justification for the termination.

Jasper v. H. Nizman, Inc., 764 N.W.2d 751, 761 (Iowa 2009). Saghir failed to state facts sufficient to show causation between the protected activity and his termination.

See Barrera v. Con Agra Inc., 244 F.3d 663, 665–66 (8th Cir. 2001) (stating that temporal proximity alone is insufficient to create a fact issue on causation element).

The district court also properly dismissed Saghir's gross-negligence claim. Under Iowa law, Saghir's exclusive remedy for work-related injury is under the Iowa workers' compensation statute. See Iowa Code § 85.20. While gross-negligence is an exception to this general rule, the exception only applies to claims against coemployees, not employers. McGill v. Fish, 790 N.W.2d 113, 119 (Iowa 2010).

Finally, the district court properly granted summary judgment on Saghir's COBRA claim. The district court ruled that Saghir's COBRA claim was barred by the statute of limitations. On appeal, Saghir argues only that his COBRA claim was timely because it related back to his original complaint, which was filed within the statute of limitations. An amended complaint relates back to the date of the original complaint if it "asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out—or attempted to be set out—in the original" complaint. Fed. R. Civ. P 15(c)(1)(B). We find that the district court did not abuse its discretion in determining that Saghir's COBRA claim did not relate back to the original complaint. McKay v. Purkett, 255 F.3d 660, 661 (8th Cir. 2001) (standard of review).

For the foregoing reasons, we affirm.

_____